STATE *v.* BOSTON & MAINE RAILROAD.

A corporation operating a railway, and having the actual and exclusive possession and control of it, is liable to indictment as a proprietor of it, under Gen. St., c. 264, s. 14.

On the question at what speed an engineer drove a railway train at a certain time and place, evidence of the speed at which he drove the same train at the same place on other days may be admitted., Whether such

evidence should be excluded for remoteness of time or place is a question of fact.

When the usage of other drivers of other trains on the same road, in regard to giving the signals required by the rules of the road, is not incompetent as a matter of law, it may be excluded on the ground that, as a matter of fact, the usage of other drivers has so remote a bearing on the case that it would be unreasonable and unjust to prolong and complicate the trial by the investigation of such a collateral question.

INDICTMENT, upon Gen. St., c. 264, s. 14, for negligently killing C. H. J., at a railway crossing. The D. & W. R. R. corporation were, at one time, the proprietors of the railway, and there was no evidence of a transfer of it, by lease, mortgage, or other written contract. Subject to the defendants' exception, the state was allowed to prove, by oral evidence, that at the time of the accident, and for more than ten years before, the defendants operated the road, and had the actual and exclusive possession and control of it, and all the trains were the defendants' trains, run by the defendants' servants. A motion of nonsuit was made, on the ground that there was no competent evidence that the defendants were the proprietors.

A train, of which G. was engineer, going more than six miles an hour, ran over C. H. J. at the crossing, July 29, 1876 ; and there was evidence that the crossing was near the compact part of a town. Subject to the defendants' exception, the state was allowed to prove that on other days in the summer of 1876 the same train, driven by the same engineer, ran over the crossing at great speed ; and another engineer of the defendants was not allowed to testify that it was his practice to ring the bell and blow the whistle eighty rods from the crossing and until he passed it, as required by the defendants' printed regulations, which the defendants put in evidence.

Verdict for the state. Motion of the defendants for a new trial.

*I. A. Eastman*, for the defendants.

*Copeland* and *Currier*, for the state.

DOE, C. J. " The proprietors of any railroad " are liable to indictment. Gen. St., c. 264, s. 14. " The term proprietors of a railroad shall include the corporation to which any railroad was originally granted, or into whose hands it has subsequently passed, the assignees or trustees to whom any railroad has been mortgaged for the security of debts, and any company or persons to whom it may have been conveyed. No sale, lease, mortgage, or contract, for the use of any railroad, shall be valid unless it shall be in writing," &c. Gen. St., c. 145, ss. 1, 2. These two sections of c. 145 do not mean that a person operating a railway, and having the exclusive possession and control of it, is not a proprietor liable to indictment under s. 14 of c. 264. His lia-

bility under that section does not depend upon the validity of a contract under which he operates the road and assumes to be proprietor of it. He need not be the proprietor *de jure* in every legal sense and for every legal purpose. If he is proprietor in fact, he has the common law duty of reasonable care; and the statute on which this indictment is found enforces that duty. The owner of a railway or hotel is the proprietor, in a certain sense, but he might not be liable for the negligence of another who became proprietor by trespass and usurpation.

In the admission of the evidence of the speed at which G. drove the train at the same place at other times, there was no error of law. Whether such evidence should be excluded for remoteness of time or place is a question of fact. *State* v. *M. & L. R. R.*, 52 N. H. 528, 549; *State* v. *Colston*, 53 N. H. 483, 484; *Hall* v. *Brown*, 58 N. H. 93, 96; *Shailer* v. *Bumstead*, 99 Mass. 112, 130; *State* v. *Hoyt*, 46 Conn. 330, 336; cases cited in 52 N. H. 411, and 57 N. H. 263, 284. The usage of another driver of another train, if, as a matter of law, it was not incompetent, might be excluded on the ground that, as a matter of fact, it had so remote a bearing on the case that it would be unreasonable and unjust to prolong and complicate the trial by the investigation of such a collateral question. It does not appear for what purpose this evidence was offered, or on what question it was claimed to be relevant.

*Judgment on the verdict.*

FOSTER, J., did not sit.