## COOK *v.* NEW DURHAM.

In an action to recover for injuries received by running off an unguarded embankment on the highway, evidence that other persons, both before and after the plaintiff's accident, ran off the same embankment, is legally admissible, although the jury had a view, and it was conceded that the condition of things throughout the entire period covered by the evidence had been the same as it was at the time of the view.

But the exclusion of such evidence by the court, as matter of discretion, presents no error.

CASE, for injury on a highway. Verdict for the defendants. The jury had a view.

The plaintiff claims that she was injured in the night-time of September 27, 1885, by being precipitated, with her horse and carriage, over a bank which was not, but ought to have been, protected by a railing. She offered to show by one witness that he drove over the same bank in the night, four or five years before, and injured his wagon; and by another, that he drove off the bank in the night at the same place, in November, 1885. There was no dispute in respect to the condition of the highway at the time of the plaintiff's accident. The plaintiff conceded that at the time of her accident, and at the time of each accident which she offered to prove, it was in the same condition as when the jury took the view.

The court excluded the evidence, and the plaintiff excepted.

*E. F. Cloutman* and *Worcester & Gafney*, for the plaintiff.

*G. E. Cochrane* and *J. Kivel*, for the defendants.

BLODGETT, J.    Upon that branch of the case to which the excluded evidence more directly related, the question of fact was, whether the highway ought to have been protected by a railing. Holding the affirmative of this question, it was both the right and the duty of the plaintiff to establish it by proofs which either immediately or mediately might tend to satisfy the jury of its truth; and as truths differ, the proofs adapted to them differ also.

From the nature of the case itself, one of the plaintiff's proofs necessarily was, that the want of a railing rendered the highway unsuitable for the travel thereon; and another, that it was the proximate cause of the injury complained of; and, as serving to convince the jury of the truth of these propositions, it is not to be doubted that she might show by her own testimony the absence of a railing, as well as the character of her team and the manner of its management at the time of its precipitation down the embank-

ment. These matters would manifestly be evidentiary facts bearing upon the principal fact, namely, the condition of the highway ; and the only question of law, then, is, whether, having presumably so testified, the plaintiff could go further, and show by the testimony of others that they had been precipitated over the same embankment, at other times and under like conditions.   We think she could.   Evidence is any matter of fact, the effect, tendency, or design of which is to produce in the mind a persuasion, affirmative or disaffirmative, of the existence of some other matter of fact. Bent. Jud. Ev. 17.   Such was obviously the tendency of the facts which were excluded ; and besides, the general admissibility of such testimony is so conclusively established in *Darling* v. *Westmoreland*, 52 N. H. 401, 403–406, that further discussion is unnecessary.

It is suggested, however, that the ground of exclusion in the present case was, that the condition of the highway being undisputed, and having been made known to the jury by the view, further evidence on this point was unnecessary and irrelevant.   If this were so, the view was conclusive, and the testimony of the plaintiff as to the highway should have been excluded.   But the view was not conclusive : it was merely a physical fact which afforded the jury ground for speculation and opinion ;—but it is not to be assumed that their judgment so formed would not have been altered by the testimony of others vouching their actual experience, unless it is to be assumed that opinions are superior to knowledge, and conjectures superior to facts.   It was merely evidence to be weighed in connection with the plaintiff's testimony ; and if the jury might properly consider her testimony upon the question of the suitableness of the highway, there is not only no reason why they might not properly consider the testimony of others having knowledge on that point, there being in this state no rule of law which admits the one and excludes the other *(Darling* v. *Westmoreland, supra)*, but there is an obvious reason why they should consider it ; for the probative force arising from concurrent testimonies is the compound ratio of the probabilities taken singly. Best Ev., s. 23.   And in this connection there is another reason, equally obvious, which is this : The only controverted questions as to the highway, apparently, were, whether the plaintiff used due care, and whether its undisputed condition rendered it unsafe for the public travel ; and as the care required of the plaintiff was the same as that required of other persons of ordinary prudence, the fact that such other persons were injured under similar circumstances was a fact bearing upon both questions alike, and as relevant upon both as the experience of the plaintiff herself.

How much weight, if any, the excluded facts might have had with the jury, it is not the province of the court to determine : the sole legal consideration is that of their competency.   As matter of law, they were competent.   What the plaintiff might prove by her

own testimony she might prove by that of others having knowledge; but irrespective of this proposition, it was her right to prove her case by competent evidence from all sources, and to have it weighed by the jury in connection with the other evidence before them. The rule in this class of cases does not require the proofs to come from any given source or to be of any given weight; it only requires that they be relevant to the issue. It makes no one kind of evidence conclusive, and, being a rule of reason, it does not exclude all experimental knowledge; still less does it exclude the experimental knowledge of one person, and admit that of another under like conditions. *Darling* v. *Westmoreland, supra.*

But while the evidence in question was competent as a matter of law, its exclusion as a matter of discretion would present no error *(Nutter* v. *B. & M. R. R.,* 60 N. H. 483, 485, *Watson* v. *Twombly,* 60 N. H. 491, 493) ; and a majority of the court being of the opinion (in which my brother *Smith* and myself do not concur) that the true construction of the reserved case shows the exclusion to have been upon this ground, the result is—

*Exception overruled.*

CARPENTER, J., did not sit : DOE, C. J., ALLEN and CLARK, JJ., concurred. SMITH, J., concurred in the result.