HASELTINE v. CONCORD RAILROAD.

64 545
69 212

A railroad corporation is liable, under the statute, for the destruction by fire from a locomotive, of wood, coal, etc., deposited on land adjoining their line, and there used by a dealer as his stock in trade.

Where it is claimed that the fire was set by a particular engine, evidence tending to show that other fires were set by the same engine about the same time is admissible.

CASE, for burning the plaintiff's wood, coal, and other personal property, situated on land adjoining the defendants' railroad in Pembroke.    Verdict for the plaintiff.

The wood, coal, and other personal property constituted a part of the plaintiff's stock in trade, which he sold from day to day to his customers, and replenished from time to time as he had occasion.    The defendants requested the court to instruct the jury that they were not liable for the plaintiff's loss of movable articles that were temporarily left near the railroad track, and were liable to be changed at any time, such as wood, coal, straw, lumber, and tools.    The court declined, and the defendants excepted.

The plaintiff's evidence tended to show that the fire was set to the defendants' freight depot by a spark from one of their engines, called the " George Minot," and that from the burning depot fire was communicated to the plaintiff's property.    One of the plaintiff's witnesses testified, subject to the defendants' exception, that a week after the fire he found fire in the grass under a fence near the defendants' railroad track soon after a train drawn by the " George Minot " had passed.

*W. L. Foster* and *H. G. Sargent*, for the plaintiff.

*Chase & Streeter* and *Bingham & Mitchell*, for the defendants.

CARPENTER, J.    The statute upon which the action is founded provides that " the proprietors of every railroad shall be liable for all damages which shall accrue to any person or property by fire or steam from any locomotive or other engine on such road." G. L., c. 162, s. 8.    It makes no distinction between different kinds of property.    Under it, in *Rowell* v. *Railroad*, 57 N. H. 132, 58 N. H. 514, *Smith* v. *Railroad*, 63 N. H. 25, and under the similar statute of Vermont (G. S., c. 28, s. 78, much more favorable to the position taken by the defendants) in *Grand Trunk Railroad* v. *Richardson*, 91 U. S. 454, recoveries were had for the destruction by fire of lumber and other personal property.    In *Laird* v. *Railroad*, 62 N. H.        , all the property destroyed was personal, and the principal part of it consisted of a stock of goods. The plaintiff's right of recovery does not depend upon the defend-

ants' ability to obtain insurance upon the property consumed. The defendants have by the statute an insurable interest in all property on the line of their road exposed to damage by fire or steam from their locomotives or other engines. G. L., c. 162, s. 9. Whether they procure or can procure insurance is immaterial.

The testimony tending to show that other fires were set about the same time by the same engine was competent. *Boyce* v. *Railroad*, 43 N. H. 627; *Smith* v. *Railroad, supra; Grand Trunk Railroad* v. *Richardson, supra.*

*Judgment on the verdict.*

BLODGETT, J., did not sit: the others concurred.