VACATION OF UNION ST., POTTSVILLE BOR.

APPEAL BY EXCEPTANTS FROM THE COURT OF QUARTER SES-
SIONS OF SCHUYLKILL COUNTY.

Argued February 16, 1891—Decided March 9, 1891.

Upon the petition of citizens, approved by the town council of the borough
of Pottsville, (incorporated by the act of February 19, 1828, P. L. 100,
but not within the general borough law of April 3, 1851, P. L. 320,)
the Court of Quarter Sessions, under the act of February 11, 1854, P.
L. 62, (extended to Schuylkill county by the act of March 6, 1860, P. L.
105,) and the act of April 2, 1872, P. L. 723, has jurisdiction to vacate
any street, lane or highway in said borough.


Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM
and MITCHELL, JJ.

No. 266 January Term 1890, Sup. Ct.; court below, num-
ber and term not given.

On March 4, 1889, a petition was presented by citizens of
Pottsville borough setting forth that by reason of the con-
struction of a certain railroad and of a public street and a
bridge, all of Union street in said borough, from the eastern
side of Railroad street to Coal street, had been practically
abandoned, and, as petitioners believed, had become useless,
inconvenient and burdensome, etc.; praying that said portion
of Union street be vacated, etc.  The petition was accompanied
by a certificate signed by the " president of the town council,"
that at a meeting of the town council of the borough, the pe-
tition had been read and approved, and the approval of council
directed to be indorsed thereon.  Thereupon, the court ap-
pointed three persons for viewers as prayed for.

On April 9, 1889, the viewers filed a report recommending
the vacation of the portion of Union street, as prayed for in
the petition; and on May 6th, the report was confirmed nisi.

On June 1, 1889, exceptions to the confirmation of the re-
port were filed as follows :

1, 2. The court has no power or jurisdiction to appoint
viewers to vacate a street in the borough of Pottsville.

Opinion of Court below.

3. The court has no jurisdiction to vacate Union street aforesaid.

4. Said Union street being a street or highway in an incorporated borough, and having been dedicated to public use in 1850, or thereabouts (and since then so used), by the owners of Greenwood estate, in connection with the plan of lots of said estate, many of which said lots have been sold and since then improved, the court has no jurisdiction to vacate it.

Said exceptions having been argued, the court, PERSHING, P. J., on December 2, 1889, filed the following opinion and order :

The borough of Pottsville was incorporated by an act of assembly, approved February 19, 1828, P. L. 100. The powers and privileges of the municipal government were extended by the act of April 4, 1831, P. L. 439. The seventh section of this act confers upon the borough council the authority to make such rules and regulations and to enact such by-laws and ordinances as may be necessary to promote the peace, good order, benefit, and advantage of the said borough, "particularly for the providing for the regulation of markets, improving, repairing, keeping in order, and regulating the streets, roads, lanes, and alleys, and removing nuisances and obstructions therefrom," etc. The twenty-seventh section exempts the citizens of said borough from the payment of road taxes, for property within its limits that might be thereafter assessed.

The general borough act of 1851, has never been extended to Pottsville. Under a claim that the power was conferred by the acts of 1828, 1831, and other legislation of the same character, the town council, on March 1, 1889, passed an ordinance : "That so much of Union street as lies between the east line of Railroad street and the west line of Coal street, be and the same is hereby vacated." It is alleged that their action was ultra vires, and this must be admitted unless the power to regulate the streets and alleys, carried with it the power to vacate.

In Attorney General v. Boston, 142 Mass. 300, it is said: "While the word to regulate, as applied to the sidewalks, may often imply the existence of the thing to be regulated, such is not an absolutely necessary construction. The power to regulate the streets of a city implies the power to prohibit the use

of them under certain circumstances : " citing Commonwealth
v. Stadder, 2 Cush. 562, 371 ; Union Ry. Co. v. Moyer, 11 Al-
len 187, 294. In Osage St., 90 Pa. 114, it was held, that where
a street is laid out and dedicated to public use, in an incorpo-
rated borough, courts of Quarter Sessions have no power to
vacate said street, as such power is vested in the municipal
authorities alone. In construing the general borough act of
1851, it was held by the Supreme Court that, although the
word " vacate " does not appear among the enumerated powers
of the borough officers, yet the fourth clause of the second sec-
tion, which declares that those officers " shall regulate the roads,
streets, lanes, alleys," etc., and they " shall have all other need-
ful jurisdiction over the same," did confer upon the borough
authorities the power to vacate a street or alley. We think it
would not be a strained construction to give the same effect to
the language employed in the act of 1831.

We may remark in this connection, that in the recent case
of Henry St., 123 Pa. 346, the Supreme Court decided that the
Court of Quarter Sessions of the proper county had authority
under the act of May 8, 1854, P. L. 645, to vacate any public
or private highway, whether laid out by the public or private
owners, whenever by reason of forming town plots, or other-
wise, they shall become useless to the public and to those hav-
ing lands bounding thereon. The proceedings now before us
are not under that act.

Doubts having been suggested as to the right of the town
council to pass the ordinance referred to, at the March Term
of the Quarter Sessions for 1889 a petition was presented from
sundry inhabitants of the borough of Pottsville, setting forth
that, by reason of the building of the Reading & Pottsville,
now the Penna. S. V. railroad, on Coal street in said borough,
and the construction of a public street and a bridge from a
point in Washington street near to the intersection with Coal
street, to Centre street, all of Union street in said borough,
from the eastern side of Railroad street to Coal street, had
been practically abandoned, and become useless, inconvenient
and burdensome, as well as unsafe for public travel. Viewers
were appointed who reported unanimously in favor of the
vacation of that part of Union street described in the petition.

The exceptions to the report deny the jurisdiction of the

court. It is alleged that Union street was not laid out by any authority of law, but was dedicated to the public about the year 1850, by the owners of the Greenwood estate, in connection with the plan of lots sold by said estate. No evidence is before us on the subject of dedication. It is indisputable that Union street has long been one of the public streets of the borough, under the control of and kept in repair by the borough authorities. Granting that the part proposed to be vacated was originally laid out by private parties, does it necessarily follow that the borough must forever keep it open, although it may have become useless, burdensome and dangerous?

The contention of the exceptants is, that neither the court nor the borough authorities possess the power to vacate Union street, nor any other of the streets in the borough of Pottsville. If this position is correct, then, inasmuch as the legislature can no longer give relief, Pottsville and other boroughs similarly situated are in a helpless condition. In Paul v. Carver, 24 Pa. 207, the Supreme Court said: " To open new highways, whether streets or country roads, and to vacate those which are useless, inconvenient and burdensome, is a power which must reside somewhere in every well regulated government. In our own, we have many laws conferring this power on courts and county and township officers, on city and borough councils, and on special commissioners. . . . . Every function of government may be injudiciously exercised, but still we must trust it with somebody. That of vacating roads is as necessary as any other."

The act of February 11, 1854, P. L. 62, entitled, " An Act to consolidate and amend the road laws in the counties of Beaver, Butler, and Lawrence," was extended to the county of Schuylkill by the act of March 6, 1860, P. L. 105. Both contain a repeal of all former acts or parts of acts which were altered and supplied. The directions of the act of 1854 have been followed ever since 1860 in this county, including the borough of Pottsville. Section 2 provides that " in all cases of the appointment of viewers in said counties, to view the site of any bridge, or to view and locate, vacate, or change and supply any public or private road," notice must be given, etc. This act has been strictly followed in the present proceeding. It con-

tains no restriction on the power of the court to vacate any street, lane or highway in any city, borough, or town, laid out by any person and dedicated to the public use, such as is contained in § 22 of the general road law: Act of June 13, 1836, P. L. 559.

Subsequent legislation recognized the jurisdiction of the Court of Quarter Sessions over the streets of the borough of Pottsville. The act of March 12, 1867, P. L. 410, vacated a part of Railroad street, in said borough, "with like effect as if the same had been legally vacated by a decree of the Court of Quarter Sessions of Schuylkill county." So, by the act of March 29, 1872, P. L. 654, a part of Third street, in the borough of Pottsville, was vacated, "with like effect as if the same had been legally vacated by a decree of the Court of Quarter Sessions of Schuylkill county." This was followed by the act of April 2, 1872, P. L. 723, which is sufficient in itself to confer jurisdiction, if it did not already exist. Its title is "An Act relating to the opening or vacating of streets in the borough of Pottsville." It reads as follows: "That, from and after the passage of this act, all petitions to the Court of Quarter Sessions of Schuylkill county, for the appointment of viewers to vacate or lay out any street, alley or lane in the borough of Pottsville, shall be first submitted to the town council of the said borough of Pottsville for approval, and no viewers shall be hereafter appointed by the said court, or by any court, upon any petition which shall not be so approved by the said town council of the borough of Pottsville." All acts or parts of acts inconsistent with this were repealed. The petition in the case before us was regularly approved by the town council.

We think this so clearly indicates the legislative intention, that the question of jurisdiction does not stand in the way of any action the court may take. How far the courts will go in this direction, is illustrated in Gross v. Commonwealth, 39 Leg. Int. 61. The act of April 10, 1849, P. L. 575, to establish a sinking fund, classified the vendors of patent medicines, and specified the license to be annually paid by the members of each class. The act of April 22, 1858, P. L. 468, to establish a sinking fund, in § 9, repealed the act of 1849, but directed, in § 1, that the revenues derived from the tax on taverns . . . . and patent medicine licenses, should go into the sinking fund.

This was held to be sufficient to show that the real intention of the legislature was to except patent medicine licenses from the general repeal of the act of 1849.

That part of Union street proposed to be vacated is not only crossed by the tracks of the Penna. S. V. railroad, but also by the tracks of the Phila. & R. R. Co. which owns the land on both sides of the street. In view of the great danger of loss to life and property at this crossing, both these companies, as we are informed, are favorable to its vacation. To obviate the inconvenience that might occur from its abandonment, both these companies have joined with the borough of Pottsville in defraying the expenses of the erection of a substantial overhead bridge, which spans the tracks of both railroads. This bridge is but a short distance from that point on Union street sought to be vacated. The contest is not about the form of the vacation, but a denial on the part of the exceptants of a power existing anywhere to authorize the vacation. For this reason we have discussed the matter at this length, so as to present all sides of the controversy.

And now, December 2, 1889, the exceptions are overruled, and the report of the viewers confirmed.

—Subsequently, the following supplement to the opinion was filed:

Mr. Weidman, counsel for the exceptants to the report of viewers, having been absent when the foregoing opinion was read, has requested the court to say that, on the argument, he offered to produce evidence of the dedication of that part of Union street which was proposed to be vacated, if the fact of such dedication was denied by the other side. This is the fact. This case was decided outside of that question, as the opinion was intended to show. There was neither denial nor admission of the fact of dedication. The court, all the judges sitting when the exceptions were argued, was unanimous in its conclusion. To the authorities cited, we now add Norwegian St., 81 Pa. 349. On page 354, Mr. Justice WOODWARD said: "The rule prescribed by the act of 1872 has taken the place of all antecedent provisions regulating the streets of Pottsville, and this rule is the measure of the power and the duty of the council and the court alike." Exception.

—Thereupon, the exceptants took this appeal, specifying the

dismissal of their several exceptions and the confirmation of the report, for error.

*Mr. Mason Weidman* (with him *Mr. J. W. Moyer* and *Mr. John W. Ryon*), for the appellants.

Counsel cited: Greenwich Tp. Road, 11 Pa. 186; Church Road, 5 W. & S. 200; Liberty Alley, 8 Pa. 381; Erie St., 14 S. & R. 447; Commonwealth v. Railroad Co., 27 Pa. 339; act of May 8, 1854, P. L. 645; act of February 11, 1854, P. L. 62; act of March 6, 1860, P. L. 105; § 22, act of June 13, 1836, P. L. 559; Osage St., 90 Pa. 114; act of April 2, 1872, P. L. 723; Norwegian St., 81 Pa. 349; Penna. R. Co. v. Canal Com., 21 Pa. 21; Antes' Pet., 1 Pears. 87; Henry St., 123 Pa. 346.

*Mr. John F. Whalen* and *Mr. R. H. Koch* (with them *Mr. James Ellis*), for the appellees.

Other than authorities cited by appellants, counsel cited: Incorporating acts of February 19, 1828, P. L. 100, and April 4, 1831, P. L. 439; Sharett's Road, 8 Pa. 89.

PER CURIAM:

The order in this case is affirmed, upon the opinion of the learned judge of the court below.

Order affirmed.

On April 13, 1891, a motion for a re-argument was refused.