———o———

## No. 3419.

### (Court of Appeal, Parish of Orleans.)

## MARCEL BERNARD vs. MRS. WIDOW CHARLES MAURICE.

Appeal from Civil District Court, Division "D."

A. J. Villere and Albert Voorhies, for Plaintiff and Appellant.

A. E. and O. S. Livaudais, for Defendant and Appellee.

1. The suit by an agent against his principal for the liquidation of their accounts is prescribed only by ten years.

2. A judgment awarding damages to the defendant, who reconvenes therefor, for the wrongful issuance of an attachment, cannot be amended in his favor by increasing the amount, howsoever the proof may warrant it, if, when made an appellee from said judgment, he does not answer the appeal and pray for the increase.

3. On the merits the plaintiff has established an indebtedness in his favor as the result of the liquidation of accounts.

MOORE, J. Plaintiff sued the defendant for $684.16, balance alleged to be due him as a result of his gestim as the defendant's agent.

Subsequently the petition was amended and a writ of attach-

ment prayed for and obtained, which writ, however, was dissolved on rule. Thereupon the defendant answered admitting the agency, but denying any indebtedness on her part as resulting from the mandate, and claiming, on the contrary, that a settlement and liquidation of the agent's account with her would show a balance in her favor. Assuming the character of plaintiff in reconvention, she prays for judgment against the plaintiff for such sum as may be found due on a settlement and liquidation of accounts, and also for the sum of $589.92 damages, which she avers she has sustained by reason of the wrongful issuance of the attachment.

The plea of prescription of three years is specially pleaded in the answer.

The judgment is in these words:

"It is ordered, adjudged and decreed that there be judgment in favor of defendant, Widow Charles Maurice, and against plaintiff, Marcel Bernard, dismissing his demands.

"It is further ordered, adjudged and decreed that there be judgment in favor of defendant, Widow Charles Maurice, on her reconventional demand, and against the plaintiff, Marcel Bernard, in the sum of $9.92-100, with costs."

From this judgment the plaintiff appeals.

No increase of the judgment in her favor on her reconventional demand has been asked for by the defendant and appellant, by answer to the appeal.

There is no dispute in this Court that the attachment was not properly dissolved, nor can there be any, as the affidavit therefor is to the effect, *simply,* that affiant "verily *believes* that the said Widow Charles Maurice is about to assign or dispose of her property or some part thereof, with intent to defraud your petitioner."

Besides this, it is conclusively established that the plaintiff, even if the affidavit was sufficient in law, was absolutely without any cause or reason, even to believe, that the defendant contemplated

any such action as is affirmed.

The dissolution of the writ carries with it the infliction of damages. Actual damages to an extent beyond the amount awarded, has been fully proven, but, as we stated, no increase thereof has been prayed for by answer to the appeal; consequently we cannot disturb the judgment in this particular.

There is naught left in the case but the question of the applicability of the plea of prescription of three years to the account sued on; and the correctness of the account, if the same be not prescribed.

The prescription pleaded does not apply. This is not a suit on an account, but one for the liquidation of a contract of mandate, and is prescribed only in ten years. 45 A. 512; 14 A. 705; 15 A. 143, 535; 16 A. 397; 17 A. 246; 21 A. 406; C. C. 3544.

The evidence in this cause is very confusing, and the account difficult to understand. We have, however, gone over both very carefully.

But one witness, the plaintiff, testifies as to the correctness of the account. On his examination in chief he testifies to the absolute correctness of each and every item thereon, but as the result of a very thorough and lengthy cross-examination, it is shown that the plaintiff had no personal knowledge of the correctness of several of the items thereon. Some of the disbursements were made without authority of the defendant and did not inure to her benefit; items of interest at 8 per cent. figure on the account when no agreement to pay interest is shown; commission for disbursements are charges as well as commissions on collections, when the latter alone should have been allowed; and one item of credit ($75.00) is omitted from the account. As to all other items we are of opinion that the account has been fully proven.

The account runs by years, beginning with 1898 and ending June 2, 1903.

From the 1898 account we have deducted: 1st. All payments

made for one Ursin, aggregating $22.00, as it is not shown that the defendant authorized these payments, which is alleged to be "Association dues" for some organization of which Ursin was a member, or had interest in its payment or was many ways benefited thereby. 2nd. The double item of commission $19.29; and 3rd, The items Oct 31, Crescent C. W. Co. $2.50; Nov. 7, Carpenter $3.00; Nov. 7, E. Gardener 50 cents; April 28, Carpenter $6.00; April 28, Roca Sons $5.15; Aug. 8, $18.80 and $3.00—total, $42.14,—items not proven, and find the balance due for that year $24.40.

From the 1899 account, the interest and double commission items are stricken out, and the items Oct. 9, $1.50; Dec. 26, $1.75; Feb. 25, $1.10, are disallowed as not proven. The balance found to be due for that year is $90.05.

For the 1900 account the same is done as to double commission and interest, then and there is not proven the following items: Sep. 1st, $2.42; Oct. 17th, $5.00. The balance found as proven for that year is $61.95.

For the year 1901 the same action with regard to the items of commission and interest, and the item June 1st, $2.40 is not proven. The amount found due for that year is $129.57.

For 1902, like action as to commission and interest, and item March 25, .08 is rejected as not proven. The amount found due for that year is $11.41.

The aggregate for the entire term is $317.38. We find, however, that there is a balance of $75.00, the result of a transaction with the holder of a mortgage note on the defendant's property, which the plaintiff still holds in his hands and is not corrected on the account, and an item of $20.00 interest alleged to have been paid on another mortgage note which is not satisfactorily proven. These two items, aggregating $95.00, are to be deducted from the balance above stated, which would then leave a net balance due the plaintiff by the defendant of $222.38; for this amount he is

entitled to judgment, and to this extent the judgment appealed from must be amended.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby amended by striking out so much thereof as dismisses, plaintiff's demand, and by inserting therein that plaintiff have judgment against the defendant in the sum of Two Hundred and Twenty-two 38-100 dollars, with legal interest thereon from judicial demand until paid, and that defendant pay costs of both courts, and as thus amended the judgment is affirmed.

April 18th, 1904.

Rehearing refused May 16th. 1904.