THE CITY OF CHICAGO

*v.*

ROBERT JARVIS.

*Opinion filed April 18, 1907.*

1. TRIAL—*denial of motion to direct a verdict raises a question of law.* Denial of a motion for a peremptory instruction directing a verdict for the defendant in an action at law presents for review in the Supreme Court the question whether there is any evidence in the record from which, standing alone, the jury might reasonably have found that the material allegations of the declaration had been proved.

2. SAME—*when refusal to direct a verdict is proper.* In an action against a city for damages for an injury received by the plaintiff in stumbling on a coal-hole cover in the sidewalk, it is proper to refuse to direct a verdict for the defendant where the evidence shows that the original construction of the cover was faulty, and that for a long time the cover had been in such condition that it tipped up when stepped upon in a certain way, but that the plaintiff had no knowledge of such condition.

3. EVIDENCE—*proof of other accidents from same cause is admissible.* Proof that numerous persons other than the plaintiff had previously stumbled and fallen over the same coal-hole cover in the sidewalk is admissible as tending to show that the cover was in a dangerous condition, and also as tending to raise a presumption of knowledge upon the part of the city of the dangerous condition.

4. SAME—*when evidence of condition of things after accident is admissible.* Evidence as to the condition of a coal-hole and cover

in a stone sidewalk about an hour and a half after the accident is admissible as tending to show its condition at the time of the accident, where the nature of the coal-hole and cover was such that there could be no substantial change in their condition in that time.

5. SAME—*when refusal to strike out answer is not ground for reversal.* Refusal to strike out the answer of a physician detailing probable evil effects, in the future, from plaintiff's injury is not ground for reversal, where it appears from other evidence and from the testimony of the physician, taken as a whole, that the evil results mentioned were reasonably certain to occur.

6. MUNICIPAL CORPORATIONS—*a city is liable for condition of a coal-hole in front of private property.* A city is charged with the duty of exercising reasonable care to see that its sidewalks are kept in reasonably safe condition, and if it permits a property owner to have a coal-hole in the sidewalk, and the sidewalk is thereby rendered unsafe, the city is responsible.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding.

JAMES HAMILTON LEWIS, Corporation Counsel, and JOHN R. CAVERLY, (WILLIAM S. KIES, and E. C. FITCH, of counsel,) for appellant.

A. W. SCHROETER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On April 9, 1901, appellee, who was walking north on the west side of Clark street, fell at a coal-hole in front of No. 168 and his knee-cap was broken in two places by the fall. He brought this suit in the circuit court of Cook county to recover damages for his injuries, and upon a trial obtained a verdict for $6000. He remitted $2500 and judgment was entered for $3500, and the judgment has been affirmed by the Branch Appellate Court for the First District.

The refusal of the trial court to direct a verdict of not guilty is assigned as error, which presents the question

whether there was evidence from which, if it stood alone, the jury could reasonably have found that the material averments of the declaration had been proved. (*Libby, McNeill & Libby* v. *Cook,* 222 Ill. 206.) The plaintiff introduced evidence that the sidewalk and coal-hole were in the center of the business district of Chicago; that a thousand or more people passed over the place every hour; that the sidewalk was paved with large flag-stones and between two of them there was a circular coal-hole eighteen inches in diameter, one-half of which was cut out of each flag-stone; that there was no iron frame or rim for the circular iron cover but that it was set loosely in a grooved circle cut out of the stone; that the north flag-stone had settled away from the south one, so that the iron cover rested on the south stone; that the south flag-stone was an inch or more higher than the north one, and if a person should step on the north side of the cover it would go down and the south side tip up; that it had been in that condition for months; that plaintiff was going north on the sidewalk in the usual way, without any knowledge or notice of the condition of the coal-hole, and that he stepped on the north side of the cover, causing the south side to tip up, catching the toe of his left foot so that he fell and suffered the injury. This evidence tended to prove the material allegations of the declaration.

But counsel say that the account of his fall given by the plaintiff was inherently improbable and physically impossible, and therefore should not be believed, even if uncontradicted. The argument is based on a supposed matter of common knowledge, that ordinary healthy and normal persons, in walking, do not shuffle or drag their feet but raise them from one to two inches, and therefore, if plaintiff's right foot was on the north side of the coal-hole cover, he must have raised the left foot high enough to carry it over the edge that was tipped up; and further, that the laws of physics teach that the momentum would carry him farther forward than he stated, and that he could not have fallen

down upon the coal-hole cover itself. There was no evidence whether plaintiff had excessive or deficient action in walking, and there is certainly no rule to which all persons conform. A person does not necessarily fall forward full length, and there was nothing inherently impossible in the plaintiff's account. The evidence tended to prove that the original construction, without an iron rim, was faulty, and also that the coal-hole had been in the same condition for such time that defendant ought to have known of it. There had been a chain on the under side of the cover to fasten it on the inside and prevent its being opened. This chain had rusted out and a wire had been put on two or three years before, which connected with a bar about eighteen inches long, set in each side of the stone, to hold the cover down. The cover would move and tip from use and the bar would get loose, and although the party using the premises had fixed it four or five days before the accident, it evidently had worked loose again. The court did not err in refusing to direct a verdict.

It is next contended that the court erred in admitting evidence that ten or eleven people had fallen at the same place. This evidence was competent, not for the purpose of showing independent acts of negligence, but as tending to show that the common cause of the accidents was a dangerous and unsafe thing, and the frequency of such accidents also tended to raise a presumption of knowledge. *City of Bloomington* v. *Legg,* 151 Ill. 9; *City of Taylorville* v. *Stafford,* 196 id. 288.

The court also admitted evidence of the condition of the coal-hole and cover about an hour and a half after the accident, but the nature of the coal-hole and cover was such that there could have been no substantial change in their condition within that time, and the evidence tended to prove the condition when the accident occurred.

The court refused to strike out the answer of a doctor as to the permanent effects of the injury. The doctor was

asked to describe fully the prognosis of the limb, and he foretold various evil results that were liable to follow. The motion to strike out the answer was on the ground that portions of it were speculative. The plaintiff could not recover damages for future disability unless it was reasonably certain, and probabilities were not sufficient. (*Chicago and Milwaukee Electric Railway Co.* v. *Ullrich,* 213 Ill. 170; 13 Cyc. 138.) The answer, taken alone, was objectionable and the motion ought to have been sustained; but it was proved that the three parts of the knee-cap never re-united and that the plaintiff had not recovered from the injury, and, taking all the testimony of the doctor together, his opinion was that the evil future results mentioned were reasonably certain. The judgment ought not to be reversed on account of the refusal to strike out the answer.

In rebuttal plaintiff called the city attorney, who produced a report of a police captain as to the accident, and there was some discussion about the question whether it was an original report, and defendant offered some original notes of a police officer made at the time of the accident. It does not appear that the police report was admitted, as the record shows no ruling of the court on the question and the minutes of the policeman were not shown to be true. There is nothing of any importance in either, and the ruling excluding the minutes was correct.

Several instructions given at the request of the plaintiff are objected to on the ground that they assume the existence of facts which were in controversy. The instructions state rules of law applicable to the case and are not subject to the objection. As to one of them it is urged that it does not correctly state the law because it was incumbent upon the property owner maintaining and having charge of the coal-hole to keep it in proper condition, and that it was only upon his failure, and notice to the defendant, that the defendant would become liable. The defendant is charged with the duty of exercising reasonable care to see that the

sidewalks are in reasonably safe condition, and cannot relieve itself of that duty by permitting a property owner to have a coal-hole in the walk. If the walk is thereby rendered unsafe and the duty is not fulfilled, the defendant is responsible.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*