## Paul Kuhn, Defendant in Error, v. City of Chicago, Plaintiff in Error.

### Gen. No. 18,162.

1. PLEADING—*affidavit of merits admits what it does not deny.* Under the rules of Municipal Court, in an action against the city for personal injuries received from falling into a coal hole in the sidewalk on a certain avenue, in affidavit of merits which is simply a general denial of liability does not deny but admits that the avenue is a street of the city.

2. CITIES AND VILLAGES—*notice of defect.* In an action against the city for injuries to plaintiff from falling into a coal hole, where the evidence tends to prove that the construction was faulty and the hole had been in the same condition for such time that defendant ought to have known it, there is sufficient evidence to charge the city with notice of the defect.

Error to the Municipal Court of Chicago; the Hon. JOSEPH Z. UHLIR, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed March 25, 1913.

WILLIAM H. SEXTON and N. L. PIOTROWSKI, for plaintiff in error; DAVID R. LEVY, of counsel.

HAROLD W. JIRKA and CHARLES J. GOULD, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

Plaintiff brought a suit for personal injuries alleged in his statement of claim to have been received from falling into a coal hole in the sidewalk on West North avenue in the City of Chicago. The verdict and judgment were for $450. In its brief and argument defendant presents two grounds for reversal: (1) failure to prove that said avenue was a public street, and (2) failure to prove that the city had notice of the alleged defect in time to have remedied it.

The first ground was not properly raised. The rules of the Municipal Court, received in evidence, provide that a defendant shall specify in his affidavit of defense the nature of such defense and that every allegation in the statement of claim, not denied specifically or by necessary implication in such affidavit of defense, shall be taken to be admitted. The affidavit of defense was simply a general denial of liability and did not question, but under such rules admitted, that said avenue was a street of the city.

As to the other ground, the evidence was conflicting. The hole was in a sidewalk of stone, and there was no metal rim for the cover to rest on. Two witnesses who had observed it for nine months or longer, said that the stone was chipped off about the rim of the hole, and one of them said that the cover slanted so that he had seen people trip on it. A photograph showed that the iron cover apparently did not fit closely about the hole. The fact that two other wit-

nesses with equal facilities for noting its conditions testified that they never noticed such defects, would not warrant us in holding that the verdict was against the manifest weight of the evidence. We cannot say that it was. We might add, as said in a similar case, "the evidence tended to prove that the original construction, without an iron rim, was faulty, and also that the coal-hole had been in the same condition for such time that defendant ought to have known of it." City of Chicago v. Jarvis, 226 Ill. 614.

The judgment will be affirmed.

*Affirmed.*