Merrimack, }
Jan. 4, 1916. }

### Bailey Lumber Company v. Boston & Maine Railroad.

Upon the issue whether live sparks were likely to escape from a particular locomotive engine and to set premises on fire, evidence that other engines, of similar construction, equipped with similar spark-arresters and burning the same general grade of coal, had thrown off sparks shortly before and after and in the vicinity of the fire in question, and that fires had shortly thereafter occurred, is relevant as bearing on the probability that the engine claimed to have set the fire in question was likely when in operation to emit live sparks.

Experimental evidence is admissible, if the trial court finds that it is not too remote or indefinite to be useful.

Although there must be evidence of similarity of conditions before experimental evidence can become admissible, and though the fact of similarity cannot be found without evidence, yet evidence is not required of actual identity of conditions, and the ruling of the trial judge admitting experimental evidence is ordinarily final, if it appears that there is some substantial similarity.

The trial court in ruling on the admissibility of experimental evidence is not required to anticipate all possible facts bearing on the question of similarity of conditions; and a particular fact tending to show a dissimilarity cannot be insisted upon after verdict, if not specifically called to the court's attention at the trial.

CASE, to recover for the destruction of the plaintiff's property May 28, 1914, by a fire claimed to have been set by the defendant's locomotive No. 885 while in operation on the Suncook Valley Railroad. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1915, of the superior court by *Chamberlin, J.* There was evidence tending to show the engines of the defendant including engine No. 885 operating on this railroad track during the period from April 1 to July 25, 1914, were all equipped with the

same kind of spark-arresters, were of the same construction, and burned the same general grade of coal. Subject to the defendant's exception, the plaintiff was permitted to introduce evidence of a large number of other fires which occurred during the period above mentioned, along the same right of way, at points ranging from a few rods of the place in question to a distance of four or five miles from it. These fires all took place soon after the engines drawing trains had passed the localities of the fires.

*Foster & Lake,* and *Martin & Howe (Mr. Lake* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway (Mr. Sulloway* orally), for the defendant.

WALKER, J. The plaintiff's claim at the trial was that the fire was set by sparks thrown off by the defendant's engine No. 885 while passing the plaintiff's premises, May 28, 1914. The defendant insisted that the spark-arrester used on that engine at that time was so constructed as to render it improbable that live sparks were emitted from the smokestack. The issue there raised related to the liability of sparks to escape from the designated engine at the time of the fire. Upon this issue the burden was upon the plaintiff to make it appear more probable than otherwise that its theory was the correct one. One way of sustaining this burden was to show that other similar engines equipped with similar spark-arresters and burning similar coal had thrown off sparks within a short time of the fire in question, when moving in that vicinity, and that fires had resulted. It can hardly be denied that such evidence has some bearing upon the issue involved; for it tends to increase the probability that the engine, which it is claimed set the fire, was liable to throw off sparks when in operation. It is in fact what is sometimes termed experimental evidence. *Darling* v. *Westmoreland,* 52 N. H. 401. It has some probative force, and is therefore relevant and may be of assistance to the jury in reaching a correct verdict. It tends to prove the capacity or liability of the engine to emit sparks. The relevancy of such evidence was exhaustively considered in *Darling* v. *Westmoreland, supra,* and its admissibility affirmed.

In *Cook* v. *New Durham,* 64 N. H. 419, which was an action for personal injuries received by the plaintiff by being carried with her

horse and carriage over an embankment in a highway in the night time, it was held that evidence that others had been carried over the same embankment was relevant upon the question of the suitableness of the highway for the travel thereon and also upon the question of her care. It tended to show the dangerous character of the highway. In *Dow* v. *Weare*, 68 N. H. 345 the same principle was applied, the court remarking that, "The questions presented by the defendants' exception to evidence of a similar accident at the same place to another person, and their objection in argument that the circumstances of the two were not shown to be in all respects similar, are so thoroughly and exhaustively considered in *Darling* v. *Westmoreland*, 52 N. H. 401 and *Cook* v. *New Durham*, 64 N. H. 419; S. C. 65 N. H. 668, that a re-examination at the present time is unnecessary, and would be unprofitable. The evidence was relevant; whether it should have been excluded for remoteness was a question to be determined at the trial term, and not open to exception." In addition to these cases the following may be cited: *State* v. *Railroad*, 58 N. H. 410; *Shute* v. *Company*, 69 N. H. 210; *Saucier* v. *Spinning Mills*, 72 N. H. 292; *Gould* v. *Hutchins*, 73 N. H. 69.

In accordance with this general theory of the admissibility of experimental evidence, it was held in *Smith* v. *Railroad*, 63 N. H. 25, that evidence that certain fires were set by the defendant's locomotives may tend to show that another fire could have been and probably was set in the same manner. That is, such evidence is admissible if the trial court finds that it is not too remote or indefinite to be useful. In that case it appeared that the locomotives used on the occasions of the several fires were of the same construction, burned the same kind of coal and had the same kind of spark-arresters as those used at the time of the fire in question. The evidence formed a reasonable basis for the inference that the engines used at the time the plaintiff's property was destroyed were liable to throw off sparks, and may have set the fire in question in view of the circumstances attending the fire. There is no suggestion that the judge at the trial improperly exercised his discretion in finding such a similarity of conditions as would render the proffered evidence helpful to the jury.

In the present case the ruling of the court to which exception was taken by the defendant was in effect that as a matter of law it was relevant, and that as a matter of fact it was not too remote or inherently too inconclusive to be useful as evidence. The court's

exercise of discretion in admitting the evidence was based upon the similarity of the construction of the engine, the kind of spark-arresters, the kind of coal used in them, the times and places when and where they were claimed to have set the fires. This evidence of the conditions existing at the times when sparks were emitted by the several engines cannot be held as a matter of law to be insufficient to authorize the finding of fact that it might be of some legitimate use to the jury. In *Smith* v. *Railroad, supra,* evidence of the same character was in effect held to be sufficient to warrant the submission to the jury of the evidence relating to the other fires. See also *Boyce* v. *Railroad,* 42 N. H. 97; S. C. 43 N. H. 627. That there must be evidence of similarity of conditions before experimental evidence becomes admissible is undoubtedly true. The trial court cannot find the fact of similarity without evidence. But when there is sufficient evidence to warrant such a finding the court's ruling will not be reviewed here. If it appears that there is some substantial similarity, the ruling of the court is ordinarily final. Evidence of exact similarity in all respects is not required (*Saucier* v. *Spinning Mills, supra*) for such a holding would amount to the exclusion of practically all experimental evidence. No case has been cited in which it was held that it must appear that the conditions were strictly the same before the experimental evidence can be admitted. On the contrary, the New Hampshire cases plainly indicate that actual identity is not required. Besides the cases referred to above, on this point, the following cases are cited: *State* v. *Railroad,* 58 N. H. 410; *Hazeltine* v. *Railroad,* 64 N. H. 545; *Canney* v. *Association,* 76 N. H. 60.

The claim of the defendant is that the court erred in admitting the evidence of other fires presumably set by other engines in the absence of direct evidence that their spark-arresters were in the same state of repair as the one in engine No. 885, which was exhibited to the jury, and that the conditions under which they were working were the same as the specified engine was working under at the time it is alleged to have set the fire. While these facts, if proved, would undoubtedly tend strongly to support the plaintiff's contention and make it appear probable that the fire was set in the way the plaintiff claimed it was set, the absence of such evidentiary facts does not conclusively show that the court was not justified in finding from the other evidentiary facts that the conditions attending the fires were substantially similar, so that the evidence of the

other fires might be of some value. The defendant was not precluded from showing that the conditions were dissimilar.

The court in the trial of a case of this character is not bound to anticipate all possible facts bearing on the question of similarity of conditions, which often would be very numerous. If they are not specifically called to the attention of the court at the trial, justice requires that they should not be insisted upon after the verdict. An examination of the record shows the defendant did not specifically base its exception on the grounds now insisted upon viz., the want of evidence of similarity in the state of repair of the spark-arresters and the kind of work the engines were doing. The only grounds stated for the exception at the trial in response to the court's inquiry were, that the fire occurred at different places and that there was no evidence as to similarity of conditions. The court's attention was not called to the special objections which are now urged, in regard to the state of repair of the spark-arresters and the operation of the engines. The reason given for claiming an exception was so general as not to indicate these special reasons to the court. If they had been stated, a different ruling might have been made, or the plaintiff might have presented evidence upon the points suggested, or have withdrawn the questions objected to. The language of the court in *Managle* v. *Parker,* 75 N. H. 139, 145, is applicable: "When this evidence was introduced the presiding justice cautioned counsel that the ground of objection should be stated specifically. Not only was there a failure to then state this ground, but counsel said that he had no ground other than those already stated. The objection was waived." To the same effect are *Turner* v. *Company,* 75 N. H. 521, 525; and *Boyce* v. *Railroad,* 43 N. H. 627.

The fact that the fires were set at different places along the line of the defendant's road-bed does not render the evidence that they were set by other engines incompetent when there was evidence of the general similarity of the engines, of the spark-arresters, and of the fuel burned. The fact that the specified engine had the capacity to emit sparks when in operation might reasonably be found.

*Defendant's exception overruled.*

All concurred.