LUCY POPE TAYLOR v. NORTHERN STATES POWER COMPANY.[1]

October 12, 1934.

No. 30,066.

[1]Reported in 256 N. W. 674.

*Wilson & Wilson,* for appellant.

*Briggs, Weyl & Briggs* and *Morse & Morse,* for respondent.

HOLT, *Justice.*

Plaintiff appeals from the order denying her a new trial after a verdict for defendant.

The motion for a new trial was based upon one adverse ruling excluding an item of evidence offered by plaintiff. The ruling is the only error assigned on this appeal. The action is to recover damages on account of personal injuries received by plaintiff on February 13, 1933, when she slipped on the sales floor of defendant's office building in the city of Mankato and broke her hip. The negligence alleged against defendant was that it permitted its waxed linoleum floor to become wet, sloppy, and dangerously slippery from melting snow and ice. That plaintiff fell and received the serious injury stated is not controverted; nor is the fact that the floor where she fell was waxed battleship linoleum. There is a sharp dispute in the evidence as to whether the place where she went down was wet or dry. It appears that the accident happened sometime about or after 11:30 a. m. on the day above mentioned. It was a cold day. There had been a slight snowfall earlier that day. A few minutes after plaintiff had been taken away to the Mankato Clinic and shortly before the noon hour, H. B. Troost, a young doctor, entered

the same room where plaintiff had met with her accident. Dr. Troost was called as a witness by plaintiff and, after preliminary questions stating time and place of entering, this occurred:

Q. "Tell us what, if anything, happened as you went in after leaving the door?

Mr. Weyl: "That is objected to as incompetent and immaterial, as to what happened when this doctor went in the front door; there is no showing yet [sic] it has any relation to the case."

The objection was sustained, and plaintiff took an exception and offered "to prove by this witness that about 15 minutes before 12 on February 13, 1933, and at the time when Mrs. Taylor was at the Mankato Clinic after she had been injured, he walked into the salesroom of defendant's place of business, and within four or five feet after leaving the door his feet slipped out from under him; he caught himself without falling, but that the floor was wet and he slipped and nearly fell." Defendant interposed the objection to the offer that it was incompetent and immaterial. The court in sustaining the objection said: "I think you can prove any condition of the floor, but not anything else." The witness was permitted to state that the linoleum near the door was wet.

Was the offered testimony competent and material? For more than 50 years this court, in cases where the issue is dangerous or defective condition of an instrumentality or of a place, has held that it is competent and material to prove that others than plaintiff, when making use thereof, experienced effects of a similar nature to the one which befell plaintiff. It is sufficient to refer to the following cases: Phelps v. Winona & St. P. R. Co. 37 Minn. 485, 35 N. W. 273, 5 A. S. R. 867 (where prior decisions are cited and the reason for the rule is well stated); Moehlenbrock v. Parke, Davis & Co. 141 Minn. 154, 169 N. W. 541; Id. 145 Minn. 100, 176 N. W. 169; Asplind v. Fred W. Pearce Corp. 175 Minn. 445, 221 N. W. 679; Ellis v. Lindmark, 177 Minn. 390, 225 N. W. 395. It is true that such evidence is rejected in some jurisdictions, and that even in the same states the decisions appear not always consistent on this subject. Cases are annotated in 65 A. L. R. 380. A few

of the many decisions in accord with the rule in this state are: District of Columbia v. Armes, 107 U. S. 519, 2 S. Ct. 840, 27 L. ed. 618; Perrine v. Southern Bitulithic Co. 190 Ala. 96, 66 So. 705; City of Chicago v. Jarvis, 226 Ill. 614, 80 N. E. 1079; City of Lebanon v. Graves, 178 Ky. 749, 199 S. W. 1064, L. R. A. 1918B, 1016 (Louisville & N. R. Co. v. Loesch, 215 Ky. 452, 284 S. W. 1097, 47 A. L. R. 347, is not in conflict); Pullen v. City of Butte, 45 Mont. 46, 121 P. 878; Shugren v. Salt Lake City, 48 Utah, 320, 159 P. 530. Some cases make a distinction between testimony of similar experiences prior to the one in the suit and those occurring subsequently. But when the purpose is merely to show the dangerous condition of the instrumentality or place, there seems to be no reason why the one should not be given the same effect as the other. Of course the occurrences subsequent to the one involved in the suit are not admissible for the purpose of bringing home notice of the danger or defect to the one charged with the proper condition of the instrumentality or the place causing the injury. In the following cases evidence of subsequent similar accidents was held competent, conditions remaining the same: City of Topeka v. Sherwood, 39 Kan. 690, 18 P. 933; Cook v. New Durham, 64 N. H. 419, 13 A. 650; Quinlan v. City of Utica, 11 Hun, 217 (affirmed without opinion, 74 N. Y. 603); Masters v. City of Troy, 50 Hun, 485, 3 N. Y. S. 450 (affirmed without opinion, 123 N. Y. 628, 25 N. E. 952). The courts holding that testimony of other accidents from the same cause is inadmissible assign as a persuasive reason that it would introduce collateral issues; but as to this the court in Quinlan v. City of Utica, 11 Hun, 217, 219, says:

"Upon an issue as to the utility, proper condition or safety of any work of human construction designed for practical use, evidence tending to show how the article has served when put to the use for which it was designed, would seem to bear directly upon the issue, and often may be of the most satisfactory and conclusive character. It is objected by the appellant's counsel that the testimony presented new issues, of which his client had no notice, and which it could not be prepared to meet. In one sense, every item of testimony material to the main issue introduces a new issue; that is to say,

it calls for a reply. In no other sense did the testimony in question make a new issue. Its only importance was that it bore upon the main issue, and all legitimate testimony bearing upon that issue the defendant was required to be prepared for."

Defendant contends that even though the testimony offered was competent its admission was within the discretion of the trial court. Cook v. New Durham, 64 N. H. 419, 13 A. 650, so held. We do not think competent and material evidence may be excluded in the discretion of the trial court, especially where the issue is close and the evidence offered is the only evidence of its kind in the case. Moreover, the learned trial court did not consider it a discretionary matter, for the only objection made to the offered testimony was that it was incompetent and immaterial. There was no objection on the ground of its being cumulative or remote or no foundation laid. And the certificate to the bill of exceptions recites that therein is contained all the evidence "which is necessary to determine whether the court should have received the testimony of the witness Dr. H. B. Troost to establish the fact that the said witness slipped and nearly fell just a few minutes after plaintiff fell and at substantially the same place where she fell and at a time when the conditions on the floor were substantially the same as when plaintiff fell." This seems to recognize that there was evidence so as to make it a fit jury question whether the condition of the floor as to being wet and slippery was the same where plaintiff slipped and fell as where Dr. Troost slipped and almost fell.

It is true that the erroneous exclusion of competent and material testimony does not justify a new trial unless its admission might reasonably have resulted in a different verdict. Nelson v. Farrish, 143 Minn. 368, 173 N. W. 715. Where, however, the case is close on the facts, the rejection of competent and material evidence is reversible error. Svensson v. Lindgren, 124 Minn. 386, 145 N. W. 116, Ann. Cas. 1915B, 734; Thaden v. Bagan, 139 Minn. 46, 165 N. W. 864. Dr. Troost was permitted to testify that the floor was wet; but the vital point to plaintiff's case, that when in that condition it became so slippery and treacherous that it was dangerous

to attempt to walk thereon, he was not allowed to state either as a conclusion from his experience in the use thereof or to state how it affected his attempt to walk thereon. The evidence here was sharply conflicting and close, not only as to whether or not the floor was wet and sloppy where plaintiff fell, but also as to the vital fact of whether or not it was slippery and dangerous if in a wet and sloppy condition. And such being the case, we conclude that under the two last cited authorities the rejection of the offered testimony was prejudicial to plaintiff.

Order reversed.