### RAYMOND v. J. R. WATKINS CO.
### Civ. No. 2781.

United States District Court
D. Minnesota, Fourth Division.
Feb. 23, 1950.

Eugene Rerat, Minneapolis, Minn., Frank L. Brady Minneapolis, Minn., for plaintiff.

John J. Sexton, St. Paul, for defendant.

DONOVAN, District Judge.

Plaintiff sued to recover damages for breach of implied warranty, claiming she sustained a complete loss of hair following the purchase and use of a bottle of shampoo manufactured and sold by defendant.

Defendant denied the sale and contended that if such sale occurred and such use was made of the shampoo, any loss of hair that followed was due to causes extraneous to defendant's product, or to causes over which it had no control.

The case was tried to the court and jury, and plaintiff had a verdict for $27,000.00. The matter now comes before the court on defendant's alternative motion for judgment or for a new trial.

Plaintiff, 49 years of age at trial, was a housewife residing at South Haven, Minnesota. She was an acquaintance and neighbor of a Mrs. Myrle Schmaltz, who lived about five miles from South Haven. Mrs. Schmaltz had previously worked in a beauty parlor and on several occasions had, as a friend, washed plaintiff's hair. In the fall of 1947, plaintiff asked Mrs. Schmaltz to purchase a bottle of Watkins Cocoanut Oil Shampoo from defendant's salesman on the occasion of his next call at the Schmaltz home. In accordance with this request the bottle of shampoo was purchased on behalf of plaintiff and delivered to her. Plaintiff reimbursed Mrs. Schmaltz therefor. On or about December 16, 1947, plaintiff took the bottle of shampoo to the home of Mrs. Schmaltz, where, says plaintiff, "she shampooed my hair * * * early in the evening." Mrs. Schmaltz testified that the bottle had not been opened when plaintiff returned it for the purpose of the shampoo, and that she read and followed the instructions thereon. Later in the evening plaintiff's "forehead just above her eyebrows was starting to get red * * and I could see back underneath the net * * * that her scalp was very red", said Mrs. Schmaltz. Plaintiff testified that prior to the use of defendant's product she "had a very heavy growth of hair", and that by May, 1948. "it was all gone." As a result she claims to have become depressed, ill and embarrassed in the presence of others. She is completely devoid of hair, eyebrows and eyelashes.

Evidence was submitted that the shampoo in question was manufactured by defendant, and that it contained chemicals included among which was an alkali referred to as potash lye.

Plaintiff's medical expert was of the opinion that the use of defendant's shampoo by plaintiff caused the loss of her hair.

Defendant's medical experts were just as positive that there was no causal connection between the use and application of the shampoo to plaintiff's head, and the loss of her hair, eyebrows and eyelashes. They termed the condition "total alopecia." Outstanding in their profession, they frankly admitted they did not know what caused plaintiff's loss of hair.

The rights of the parties are governed by the substantive law of Minnesota.

Defendant assigns errors of law, and those considered material for present purposes are grouped as follows:

1. The verdict is contrary to law and the evidence;

(a) There was no privity of contract between plaintiff and defendant.

(b) It was error to permit testimony to the effect that others had experienced effects of a similar nature to that which befell plaintiff.

(c) It was error to deny defendant the opportunity to perform an experiment in the presence of the jury.

2. Misconduct of opposing counsel and excessive verdict.

The evidence of the instant case closely parallels that of Pietrus v. Watkins Co. et al., Minn., 38 N.W.2d 799. The law of that

934

case must be applied here, unless the contentions of defendant as above enumerated require a different disposition.

◼ Defendant claims there was no privity of contract between the parties to the instant case because "there was no direct sale [by defendant] to the plaintiff", citing 30 Minnesota Statutes Annotated, § 512.15. In the Pietrus case, supra, the defendant's salesman sold the product direct to Mrs. Pietrus. In the case under consideration here the sale was made to plaintiff's agent, Mrs. Schmaltz. Except for this difference, I can see no material distinction between the two cases in the respect here contended by defendant. Breach of warranty based on a label containing description of contents and instructions as to use is common to the product in each case. Whether the sale is made directly to a particular purchaser, or to an agent of such purchaser, or to the public generally, it seems to the writer of this opinion that the applicable law attaches to the sale and the consequence of the manufacturer's conduct, irrespective of what is termed privity of contract. Bekkevold v. Potts et al., 173 Minn. 87, 216 N.W. 790, 59 A.L.R. 1164; Hruska v. Parke, Davis & Co., 8 Cir., 6 F.2d 536 and authorities cited; Prosser on Torts, Hornbook Series, p. 669.

◼ It must be held that defendant, as the manufacturer of the product, is charged with knowledge that it is of the quality represented by him, and he cannot avoid liability for harmful results arising out of its directed use on the ground that he did not know of its dangerous qualities. It is sufficient that its production and sale impliedly warrants that it is suited and fit for the use indicated on the label. Pietrus v. Watkins, supra.

◼ It is next urged that Mrs. Pietrus should not have been permitted to testify as a plaintiff witness. This witness was manifestly unfriendly to any attempt to elicit answers and pursuit thereof was abandoned early and stopped short of prejudicial error. Taylor v. Northern States Power Co., 192 Minn. 415, 256 N.W. 674.

◼ Defendant next contends that the court should have permitted an experimental shampoo by application of the product to a young lady in the presence of the jury. No claim was made that such use would cause instantaneous loss of hair; the loss here occurred over a matter of weeks and months. Hence no good could possibly result in such a performance. The granting or refusal thereof was a matter within the sound discretion of the trial court. The discretion exercised was not abused. Brown v. Douglas Lumber Company, 113 Minn. 67, 129 N.W. 161; National Pressure Cooker Company v. Stroeter, 7 Cir., 50 F.2d 642, certiorari denied 284 U.S. 674, 52 S.Ct. 129, 76 L.Ed. 570; Dunnell's Minn. Digest (2nd Ed.) § 9722.

Defendant complains of misconduct of opposing counsel and that the verdict was excessive. In addition to the claimed error in calling Mrs. Pietrus as a witness, and referring to her case in jury argument, counsel for plaintiff is accused of saying: "You [the jury] have a right to take into consideration that the defendant is trying to cover something up on those particular lots; * * *. You are either on the plaintiff's side or you are on the side of that corporation over there."

The quotation from counsel's jury argument may not be as accurate as the transcript, but it is substantially correct.

◼ Following the court's charge, and before the jury retired, counsel for defendant excepted to opposing counsel's argument as above outlined. Thereupon the court charged the jury that there was:

"* * * reference in argument to the jury that the defendant appeared to be covering up with reference to particular matters, and the Court charges you to disregard that. I have seen no evidence of covering up on either side of the case. I have been impressed that both counsel represented their clients in lawyer-like fashion and you will disregard any reference to covering up by the defendant.

"There has been some reference to the Pietrus case in argument by counsel for the plaintiff, and I charge you that that case is not on trial before you. We are merely concerned with the case of Thora Raymond v. The J. R. Watkins Co., and if any reference has been made by counsel to the

defendant corporation that might impress you that a distinction was attempted to be made between the individual plaintiff and the defendant corporation, you will disregard that. I think I covered that in my charge, that both parties are equal before the law.

"I merely mention those things and I am grateful to counsel for calling my attention to them. I think that will clarify the situation.

"The Clerk may now swear the officers."

It seems that if counsel indulged in impropriety in the respects excepted to, the court was careful to correct the same. Koenigs v. Thome, 226 Minn. 14, 31 N.W. 2d 534. In reaching this conclusion I am not unmindful, that improper argument may beget a verdict that is entirely wrong. Minneapolis, St. P. & S. S. M. Ry. Co. v. Moquin, 283 U.S. 520, 51 S.Ct. 501, 75 L.Ed. 1243; Chicago & N. W. R. Co. v. Kelly, 8 Cir., 74 F.2d 31.

The verdict is a large one, but I cannot say that it is excessive. Verdicts in other cases are not of much value in appraising the result reached here. Crouch v. Chicago G. W. R. Co., 172 Minn. 447, 216 N.W. 234.

Defendant's motion for judgment is denied. Defendant's motion for a new trial is denied. It is so ordered.

Defendant is allowed an exception.