NUTT v. MANCHESTER.

In an action brought against a city for negligence, in causing water to flow from the city sewer through the plaintiff's drain into his cellar, the fact that the plaintiff has not complied with a city ordinance in the mode of connecting his drain with the city sewer will not prevent a recovery, unless non-compliance has contributed to the injury complained of.

The denial of a request for instructions to the jury, that a variance exists between the proof and declaration, is no ground for exception when no exception has been taken to the evidence, and no motion for a nonsuit on that ground has been made.

CASE, for negligence, causing water to flow from the defendants' sewer through the plaintiff's drain into his cellar. The drain was connected with the sewer by license of the defendants. An ordinance of the city required that private drains should be provided with a gate to prevent the flow of water through them from the public sewer. The plaintiff, directed by the city officer in charge of sewers, put in his own drain and connected it with the city sewer, without providing a gate as required by the ordinance. The jury found that the failure of the plaintiff to comply with the ordinance did not occasion or contribute to the damage. The court denied the request of the defendants to instruct the jury that there was a variance between the evidence and the declaration. Verdict for the plaintiff; motion by the defendants for a new trial.

*Lord,* for the plaintiff.

*J. Smith* and *Sulloway & Topliff,* for the defendants.

ALLEN, J.   The jury found, as a fact, that the want of a gate in the

plaintiff's drain did not occasion the injury, nor contribute to it. This finding makes it unnecessary to consider the exceptions to the evidence, and to the instructions of the court relating to the question of waiver, by the defendants, of the requirements of their ordinance.

The object of the ordinance was, to require the plaintiff to prevent the flowing back of water from the defendants' sewer; and as the jury found that the injury complained of was not the result of the plaintiff's failure to comply with the ordinance, he is not barred by it from recovering.

A request for instructions to a jury, that a variance exists between the proof and declaration, when no objection to the evidence or motion for a nonsuit has been made, is out of season. Objections to evidence, unless made at the earliest practicable moment after its introduction and its bearing is understood, will ordinarily be considered as waived—*Bassett* v. *Salisbury Mfg. Co.*, 28 N. H. 452, and *Gardner* v. *Kimball, ante*, p. 202; and a motion to exclude evidence already presented, because of its irrelevancy or inapplicability to the issue, should be made before argument and charge to the jury. *Judge of Probate* v. *Stone*, 44 N. H. 593. We do not decide that the judge cannot entertain the objection of variance at any stage of the trial, if justice requires it, but we are of opinion that he is not bound to entertain it out of season, and his refusal to do so is no ground for exception.

*Judgment on the verdict.*

STANLEY, BINGHAM, SMITH, and CLARK, JJ., did not sit.