## GORDON v. THE BOSTON & MAINE RAILROAD.

On the question whether the noise of escaping steam from a locomotive was likely to frighten horses, evidence that other horses were frightened by it is admissible.

Railroad corporations are bound to exercise reasonable care and diligence in the management and operation of their locomotives in the vicinity of highways, having due regard to the rights and safety of travellers thereon.

When proper instructions are given to the jury, it is no ground of exception that they are not given in the form requested.

CASE, for injuries caused by the fright of the plaintiff's horse through the negligent management of the defendants' locomotive engine.

The defendants' track, a short distance from their depot, in the village of Exeter, crosses a public highway at grade. At the time of the injury complained of, the plaintiff was driving along the highway, no moving train or engine being in sight, and when within about twenty feet of the crossing, steam was allowed suddenly to escape from a locomotive standing upon a side track about two rods from the highway where the plaintiff was riding. The sharp, shrill noise of the escaping steam frightened the plaintiff's horse, and upon a repetition of it the horse became unmanageable, overturning the carriage, and seriously injuring the plaintiff.

At the trial, it was a question whether the noise was one calculated to frighten horses; and, subject to exception, the plaintiff was allowed to prove its effects upon other horses passing there under like circumstances.

Also, subject to exception, the plaintiff was allowed to prove that the superintendent of the railroad had been notified, some two years before the accident, that the public travel was endangered by the management of their locomotive in the way it was managed at the time of the accident, and that he promised to have the matter attended to at once, but made no change.

The defendants' evidence tended to show that at the time of the accident they were using their locomotive in conducting the business of the railroad upon their own land, outside the limits of the highway. The plaintiff's counsel referred to Gen. St., *c.* 148, *s.* 8, in commenting upon what would be due care in the management of a locomotive engine.

The defendants' counsel requested the court to instruct the jury that the defendants were not liable for any injury from the fright of the plaintiff's horse in consequence of the ordinary, or necessary, or reasonable use of their locomotive upon their own land not in the highway; that the defendants had the right to use their locomotive on their own land in the transaction of their ordinary business, and were not responsible for the consequences of such use to persons travelling upon the highway; and that the statute relating to injuries by steam does not apply to cases like this.

The court declined to charge as requested, and instructed the jury that the defendants, in the management of their engines and machinery, were bound to exercise, towards persons rightfully attempting to cross their track at a highway crossing, the care, skill, and diligence that men of ordinary skill, prudence, and diligence would use under the circumstances, having due regard to the rights of the defendants and the rights of those attempting to pass; that in the management of the more dangerous elements, like fire and steam, the same rule applied as in matters less dangerous; but the acts that might constitute ordinary care in the management of elements of little or no dan-

ger, might be gross carelessness in the management of fire and steam. Whether the defendants had exercised ordinary skill, prudence, and diligence, under the circumstances in this case, was for the jury to determine upon the evidence. The defendants excepted to the charge, and to the refusal to charge as requested. Verdict for the plaintiff.

*Hatch*, for the defendants.

*Marston*, for the plaintiff.

CLARK, J. On the question whether the noise of escaping steam from the defendants' locomotive was likely to frighten horses, the evidence that other horses passing along the highway had been frightened by it was admissible. *Darling* v. *Westmoreland*, 52 N. H. 401. So, also, was the evidence that the superintendent of the railroad had been notified some two years before the accident that the public travel was endangered by the management of the defendants' engine at that place. This evidence tended to show that the defendants knew that other horses had been frightened by their locomotives, as managed by their servants at that place. The defendants' exceptions to the evidence must be overruled.

The defendants' request for instructions, that they were not responsible for the consequences of the use of their locomotive in their ordinary business upon their own land, was properly refused. This request assumed that the defendants had the right to use their locomotives on their own land, in their ordinary business, as they pleased, without regard to the rights or safety of travellers in the highway ; and, if given, would have excluded from the consideration of the jury the question of care, or negligence, in the management of such locomotives. In *Knight* v. *Goodyear Rubber Co.*, 38 Conn. 438, where the plaintiff's horse was frightened by the blowing of a steam whistle on the defendants' factory, situated near the highway, the defendants were held liable, although it appeared that the whistle was blown in the ordinary way, and for the ordinary purpose of designating the hour of noon.

We see no error in the instructions to the jury. Although they were not told in express terms that the statute relating to injuries by steam did not apply to this case, the charge was such that they must have understood that it did not apply. The damages accruing to person or property by fire or steam, for which the proprietors of a railroad are made liable by statute, are such damages as may be insured against,—damages caused directly by fire or steam in the burning or destruction of property ; and in cases under the statute no question of negligence arises, railroads being held liable as insurers in such cases. *Rowell* v. *Railroad*, 57 N. H. 132.

In this case, the jury were instructed that the liability of the defendants depended upon whether they had exercised proper care and prudence in the management of their locomotive at the time of the

accident; and that whether the defendants had exercised ordinary care, prudence, and diligence, under the circumstances disclosed in this case, was a question of fact for the jury to determine upon the evidence. Under these instructions, the jury must have understood that the material question for them to determine was the question of negligence. Jurors are presumed to be men of at least ordinary capacity and common intelligence, and we think the instructions upon this point could not have been misunderstood. It is not a sufficient objection that the charge was not given in the particular words of the request. *Cooper* v. *Railway*, 49 N. H. 209; *Wendell* v. *Moulton*, 26 N. H. 41; *March* v. *Railroad*, 19 N. H. 372; *Clark* v. *Wood*, 34 N. H. 447; *Tucker* v. *Peaslee*, 36 N. H. 167; *Walcott* v. *Keith*, 22 N. H. 196.

*Judgment on the verdict.*

BINGHAM, J., did not sit.