BALDWIN, *Adm'r*, *v.* GRAND TRUNK RAILWAY CO.

A passenger station, within the meaning of the statute which forbids the ejecting of a person from the cars for non-payment of fare except at a passenger station, must, at least, be a stopping-place where passenger tickets are ordinarily sold.

A judicial trial means a fair trial ; and a verdict given upon a trial rendered unfair by statements or conduct of counsel cannot be sustained.

The violation of legal right on one side is not justified or cured by similar wrong on the other.

CASE, for ejecting the plaintiff's intestate from a car of the defendants, June 6, 1883, and afterwards on the same day negligently running upon him with a freight train, causing his death.   Verdict for the plaintiff for $3,500.

There was evidence tending to show that Waldron was ejected by the defendants' conductor for non-payment of fare at a place

called Beattie's Turn Out in Stratford; and it was claimed by the plaintiff that that place was not a passenger station within the meaning of Gen. Laws, *c.* 163, *s.* 22. Upon this point much evidence was introduced, and it appeared, among other things, that there was no passenger station building there; that no ticket office or ticket agent was kept there; that no tickets were sold or baggage checked there to other points, either on the defendants' line or beyond.

The defendants excepted to the refusal of the court to give the following instruction to the jury:

"A passenger station, within the meaning of *s.* 22, *c.* 164, Gen. Laws, relating to the expulsion of a passenger from the cars for non-payment of fare, is a place where passengers are commonly allowed to get on and off the cars, a place specified on the time tables and fare tariffs of the company as one of their stations, and a point to which tickets from other stations are commonly sold when called for."

No question was made but that Waldron, while lying intoxicated on the track of the defendants' road, was run over by a freight train, June 6, 1883, and killed.

The facts showing the other questions decided by the court are stated in the opinion.

*Aldrich & Remich, J. W. Remick,* and *Jeremiah Smith,* for the plaintiff.

*O. Ray* and *Drew & Jordan,* for the defendants.

DOE, C. J. "No railroad corporation shall eject any person from its cars for non-payment of fare, excepting at some passenger station." G. L., *c.* 163, *s.* 22. "Passenger station" may have different meanings in different statutes or in different connections. In this clause, it does not mean less than a stopping-place at which passenger tickets are ordinarily sold. If Waldron was ejected for non-payment of fare, his ejection was illegal.

Kilpatrick, a brakeman on the train that ran over Waldron, was not called as a witness by either party at the trial. On the cross-examination of Gonyea, the engineer of that train, the plaintiff's counsel, holding up a paper, asked,—"Do you know Kilpatrick's hand-writing?" The witness replied that he did not. The plaintiff's counsel then said,—"He gave his statement, and has since been discharged by the Grand Trunk Railway Company, has n't he?" This was one way of informing the jury that the exhibited paper contained Kilpatrick's written statement, that it was adverse to the defendants, and that for this reason Kilpatrick had been discharged by them. The objection to this unsworn testimony was not avoided by the interrogative form of words. The substance was inadmissible. The effect of the testimony was intensified by the declaration that if the defendants objected to the

so-called question, the plaintiff would waive it.  This method of increasing the force of incompetent evidence is illustrated by the case supposed in *Bullard* v. *B. & M. Railroad*, 64 N. H. 27, 35, and nothing need be added to the decision of that case.  A judicial trial means a fair trial.  The court has no discretionary power to compel a party to submit to a trial that is not fair.  " Had the plaintiff's whole case been proved in the same way (by the unsworn testimony of his counsel), the error, although extended in fact over more ground, would not have been raised to a higher degree of illegality."  The wrong was not rectified, the error was not acknowledged, the testimony was not withdrawn, and the plaintiff did not obtain explicit instructions from the court to the jury to disregard it.

The statement of plaintiff's counsel that a Texas jury had given a verdict for $10,000 in a similar case, and that another jury had given a verdict of eight or ten thousand dollars against these defendants in another case, was incompetent; and the error is not cured by the circumstance that this testimony was given in an altercation begun by the defendants' counsel.  It is not improbable that the trial was so unfair on both sides that no verdict for either party could be sustained.  The verdict is set aside, not because the party gaining it introduced incompetent evidence before his adversary did the same thing, nor because he introduced more incompetent evidence than his adversary, but because a material part of his evidence was inadmissible and prejudicial, and the trial was unfair and illegal.

*Verdict set aside.*

BLODGETT and BINGHAM, JJ., did not sit : the others concurred.