## BOOTHBY *v.* GRAND TRUNK RAILWAY.

Railway corporations are bound to provide stations and other facilities sufficient for the reasonable accommodation of the public, and are liable to an individual injured through their failure to make such provision.

Whether in such a case the facilities furnished are reasonably sufficient is a question of fact.

Whether the defendants' negligence was the proximate cause of the plaintiff's injury is a question of fact.

CASE, for injuries received by reason of the defendants' failure to keep at Berlin a passenger depot reasonably sufficient for the accommodation of the public.

The plaintiff's evidence tended to prove that on February 14, 1887, desiring to travel from Berlin to North Stratford, two passenger stations on the defendants' road, having previously purchased a ticket for passage between these stations, he went to the defendants' passenger station at Berlin, arriving shortly before 4:25 a. m., the hour at which, by its time-tables, the defendants advertised the departure of a train from Berlin for North Stratford; that he found the station closed, and no place provided for waiting passengers except the platform, in the open air; that the train did not arrive till 7 a. m., and that the plaintiff remained upon the platform, constantly expecting the train, till its arrival; that the weather was very cold, but that the plaintiff, who was accustomed to exposure to the cold and was warmly clad, was not aware that he was becoming chilled until he entered the car upon the arrival of the train; that, as a result of his exposure to the cold in waiting for the delayed train, the plaintiff became ill and was injured. The plaintiff knew the station was not kept open at night, and did not expect to find it open, but he had no reason to expect the train would be late. The defendants moved for a *non-suit*, which was denied, and they excepted. The defendants' evidence tended to prove that the delay of the train was reasonable, but there was no evidence that the plaintiff knew, or should have

anticipated, the cause of it.   Upon the question whether the plaintiff could reasonably expect the train to arrive at any moment after it became a few minutes late, and whether the injury was caused by the exposure in waiting for the train, the evidence was conflicting.   At the close of the evidence the defendants moved that the court direct a verdict in their favor, which motion was denied, and the defendants excepted.

The defendants requested the court to instruct the jury, in substance,—

1. That the omission of the defendants to keep the station at Berlin open and warmed for the train upon which the plaintiff took passage would not constitute negligence on their part, and that the plaintiff could not recover for any injury resulting from exposure occasioned by their failure to open and warm the same.

2. That whether the facilities furnished for passengers by the defendants at Berlin were sufficient was not a question for the jury, but should be determined in the first instance by the railroad commissioners, and that the company are not liable for any omission to furnish a station open and heated at night, in the absence of any action on the subject by the railroad commissioners.

3. That if the jury find that the defendants unreasonably neglected to open and warm their station for the convenience of the plaintiff, and that the plaintiff stood upon the platform waiting for the train and from the exposure took cold and became ill, still the cold and illness were not proximately caused by the fault of the defendants, but were caused by the voluntary act of the plaintiff in waiting upon the platform exposed to the weather, and he cannot recover for the illness so occasioned.

The court declined to instruct as requested, and the defendants excepted.   Other instructions asked were given in substance.

*R. N. Chamberlin* and *Ladd & Fletcher*, for the plaintiff.

*Ossian Ray* and *A. A. Strout* (of Maine), for the defendants.

ALLEN, J.  " Railroads having for their principal object the public accommodation, the proprietors thereof shall be bound to provide crossings, stations, and other facilities for the public." G. L., *c.* 161, *s.* 1.   There is nothing in " An act to establish a board of railroad commissioners," *c.* 101, Laws 1883, repealing or modifying this provision of the General Laws, while the opposite intent appears from *s.* 10 of the same act, that " no request or advice of the board shall impair in any manner the legal duties and obligations of a railroad corporation, or its legal liability for the consequences of its acts or the neglect or mismanagement of its agents or servants."   The defendants being bound by statute, aside from any obligation imposed upon them at common law as

common carriers, to provide a station for the accommodation of intending passengers, are liable to an individual injured through their failure to perform the duty imposed by statute.   The crossings, stations, and other facilities intended by the statute are such as are reasonably sufficient for the accommodation of the public. The plaintiff's case presented three questions of fact:  (1) Was the station, closed and unwarmed at the hour of the advertised departure of the train, reasonably sufficient for the accommodation of the public ?   (2) Was the plaintiff, in waiting upon the open platform for the arrival of the delayed train exposed to the severe cold, guilty of a want of ordinary care which contributed to his injury?  and (3) Was the injury complained of the result of the defendants' negligence ?   Upon these questions the evidence was conflicting, but they were all fairly submitted to the jury, with instructions that are not open to exception, and to which, so far as appears, no exception was taken.   The defendants except to the refusal to instruct the jury that "if the plaintiff stood upon the platform waiting for the train, and from the exposure took cold and became ill, still the cold and illness were not proximately caused by the fault of the defendants, but were caused by the voluntary act of the plaintiff in waiting upon the platform exposed to the weather, and he cannot recover for the illness so occasioned." This request was properly denied.   Whether injury by exposure to the weather of a passenger awaiting in the open air the arrival of a delayed train, was or was not a result which might naturally and reasonably be expected from the failure of the defendants to open and warm their station at an inclement season of the year, or, in other words, whether the defendants' negligence was the proximate cause of the plaintiff's injury, was a question to be determined by the jury, and was properly left to their decision. *Stark* v. *Lancaster*, 57 N. H. 88 ;  *Gilman* v. *Noyes*, 57 N. H. 627.

The case of *Pike* v. *Grand Trunk Railway Co.*, 39 Fed. Rep. 255, cited by the defendants, does not present a case of a passenger seeking a passage upon a railroad, nor of an employé of the railroad, but of one volunteering on her own motion to go into danger without request.   The plaintiff in this case had a contract with the defendants for carriage from Berlin to Stratford ; and without fault on his part, so far as the case shows, put himself at the railroad's advertised place to take the train and enjoy the benefit of his contract.   He was injured without fault of his own, through the failure of the railroad to provide a suitable place in which to wait for the arrival of the train.

*Exceptions overruled.*

BINGHAM, J., did not sit: the others concurred.