Hillsborough, }
   June, 1895. }

## DOW v. WEARE.

On the question whether a highway was rendered unsuitable for the travel
   thereon by a projecting ledge upon which the plaintiff's horse slipped,
   evidence that other horses had slipped upon it is admissible.

A verdict will not be set aside because of incompetent evidence conveying no
   information other than that contained in testimony not objected to; nor
   because of an objectionable inquiry disclosing no facts which might not
   properly be laid before the jury.

CASE, for injuries from a defective highway. Trial by jury
and verdict for the plaintiff.

The plaintiff's evidence tended to show that while driving on
the highway in the evening of November 1, 1892, his horse
slipped on the smooth and sloping side of a ledge which pro-
jected into the traveled track from nine to twelve inches above
the level of the road, and was so injured that it died the next
day.

For the purpose of showing the character of the ledge and the
liability of horses to slip when stepping on it, a witness for the
plaintiff was permitted to testify, subject to exception, that a
week or ten days before the plaintiff's accident, his horse slipped
and fell on the same ledge.

Allen, a civil engineer called by the plaintiff, testified that he
examined the ledge on May 12, 1894, and that it then projected
above the level of the road four inches at the lowest point and
seven inches at the highest. Whitney testified that the ledge
did not at the time of the trial project as much as it did at the
time of the accident, and that gravel had been put around it.
To the question, "When was the gravel put there?" he replied:
"On Thursday after the accident." The defendants objected to
the question and answer, and they were ruled out.

In speaking of the height of the ledge above the road at the
time of the accident, the plaintiff's counsel in the closing argu-
ment said: "It was higher then than it is now, because the evi-
dence is that there had been dirt carted in afterward." To this
remark the defendants excepted. The statement of Whitney
was not used as evidence of any admission on the part of the
defendants.

*Burnham, Brown & Warren* and *Drury & Peaslee*, for the plain-
tiff.

*Oliver E. Branch*, for the defendants.

PARSONS, J. The questions presented by the defendants' exception to evidence of a similar accident at the same place to another person, and their objection in argument that the circumstances of the two were not shown to be in all respects similar, are so thoroughly and exhaustively considered in *Darling* v. *Westmoreland*, 52 N. H. 401, and *Cook* v. *New Durham*, 64 N. H. 419, — S. C., 65 N. H. 668, that a re-examination at the present time is unnecessary, and would be unprofitable. The evidence was relevant; whether it should have been excluded for remoteness was a question to be determined at the trial term, and not open to exception.

A fact essential to the plaintiff's case was the condition of the highway at the point where he claimed it defective at the time of the accident. A material part of the description of the place being the extent of the projection of the uncovered ledge, the best evidence would have been the testimony of a competent witness to exact measurements made at the time of the accident. This evidence not being at hand, a competent and convenient method of proof was furnished by evidence of measurements at the time of the trial, connected with the time of the accident by the testimony of witnesses who were able to compare the condition of the road at the two times. The witness Whitney testified without objection that the ledge did not project so much when measured by the witness Allen as it did at the time of the accident; that gravel had been put around it. The question, when the gravel was put there, and the answer, "Thursday after the accident," upon objection were ruled out. It is difficult to see how, if the evidence had been admitted, the objection could have been sustained unless the fact shown was used as evidence of an admission of need of repair (*Aldrich* v. *Railroad,* 67 N. H. 250), which the case finds was not the fact. The question and answer conveyed no information to the jury that was not contained in the testimony not objected to. If the rock did not project so much at some time after the accident as it did at that time because gravel had been put around it, the gravel must necessarily have been put around it after the accident. The question merely called on the witness to state directly what he had already stated argumentatively. The putting of the question under such circumstances is not cause for setting aside the verdict. Counsel in the trial of a cause must necessarily put many questions which may be held incompetent. It would not be practicable to require that all questions which might possibly be objectionable should be put in writing and first submitted to the court and opposing counsel. The evil to be avoided is the introduction of illegal evidence whereby the trial is rendered unfair. *Demars* v. *Glen Co.,* 67 N. H. 404; *Baldwin* v. *Railroad,* 64 N. H. 596. Where the mere putting of the question conveys

to the jury information which cannot be properly laid before them, and which tends to render the trial unfair and consequently illegal, a verdict so obtained stands exactly as if the illegal evidence were introduced by error in ruling by the court. But as no information was put before the jury in the present case by the question and answer which was not already in substance in their possession without objection, the trial was not rendered unfair or illegal.

The remark of plaintiff's counsel which is objected to was fairly founded upon the testimony of Whitney which was admitted without objection.

*Exceptions overruled.*

CARPENTER, J., did not sit: the others concurred.