Coos,
Oct. 4, 1904.

## GOULD v. HUTCHINS.

Upon the question whether the plaintiff's horse was frightened by an obstruction in a highway, evidence that other horses while passing the same object were not frightened may be competent.

CASE, for negligently leaving in the highway six cakes of ice, which frightened the plaintiff's horse and caused him to run away and to be injured. Trial by the court and verdict for the plaintiff. Transferred from the November term, 1903, of the superior court by *Stone*, J.

The defendant claimed that the cakes of ice, as left in the highway, were not calculated to frighten horses of ordinary gentleness,

and offered testimony to show that other horses passed the same place during the same time and in the same manner, and were not frightened by the ice. The evidence was excluded, not on the ground of an exercise of judicial discretion, but because immaterial, and the defendant excepted.

*Batchellor & Mitchell*, for the plaintiff.

*Drew, Jordan, Buckley & Shurtleff*, for the defendant.

WALKER, J. As the case is understood, the trial judge ruled that the experimental evidence offered by the defendant, of the liability of the ice to frighten horses, was as a matter of law incompetent. In view of the settled law of this state (*Darling* v. *Westmoreland*, 52 N. H. 401; *Gordon* v. *Railroad*, 58 N. H. 396; *Dow* v. *Weare*, 68 N. H. 345; *Folsom* v. *Railroad*, 68 N. H. 454, 461), the evidence was clearly competent, unless it was too remote as a matter of fact. But as the evidence was not excluded upon the ground of remoteness, but because legally incompetent (*Challis* v. *Lake*, 71 N. H. 90, 95; *Watson* v. *Twombly*, 60 N. H. 491, 493), the order must be,

*Exception sustained.*

All concurred.