Coös,　}
Nov. 4, 1908. }

## Caher v. Grand Trunk Railway Co.

One who is ejected from a railroad train for non-payment of fare, at a place other than a passenger station, cannot recover of the corporation for damages thereafter suffered by reason of continuing his journey on foot, unless the injury complained of proximately resulted from the defendant's failure to furnish reasonable station facilities.

Case, for ejecting the plaintiff from a passenger train at a place other than a passenger station, for non-payment of fare. Trial by jury and verdict for the plaintiff. Transferred from the December term, 1907, of the superior court by *Chamberlin*, J., on the defendant's exception to the denial of a motion for the direction of a verdict in its favor.

The plaintiff was ejected from the train for non-payment of fare, at a point about half a mile from the Groveton station and five miles from his home in Stark. The train did not stop at Stark, and there was no other train to that place for almost two days. The plaintiff had but little money, was in good health and well clothed, and walked home to Stark. He stopped to rest several times on the way and in so doing contracted the illness for which damages were claimed.

*Sullivan & Daley* and *Burritt H. Hinman*, for the plaintiff.

*Rich & Marble* and *Drew, Jordan, Shurtleff & Morris*, for the defendant.

PEASLEE, J. The expulsion of Caher for non-payment of his fare, at a place other than a passenger station, was illegal (P. S., c. 160, s. 6; *Baldwin* v. *Railway*, 64 N. H. 596); but it does not follow as a matter of course that the defendant is liable for the damage which was thereafter suffered. Caher could not complain that he was not permitted to stay on the train. He had no such right. His right was to be provided with passenger station accommodations when ejected, and this is the only right which the defendant invaded. The failure to provide him passenger station accommodations is the only wrong with which the defendant can be charged, upon the facts of the case.

The statute was enacted for the protection of passengers (Laws 1874, c. 98), but not for the purpose of enabling those evading the payment of fare to compel the railroad to carry them from one regular station to the next one. Caher's rights certainly did not exceed those of a person going to a station to take passage by virtue of an existing contract for carriage. Yet when such person sues for failure to perform the statutory duty to provide a reasonable station, he must show that he was "injured through their failure to perform the duty imposed by statute." In such a case the plaintiff must prove (1) the insufficiency of the station, (2) his own care, and (3) that the injury was the result of the defendant's fault. *Boothby* v. *Railway*, 66 N. H. 342, 344.

In the present case there was evidence of a failure to provide station facilities and of Caher's care, but none that the injury complained of resulted from the defendant's fault. The failure to provide station facilities did not in any way affect the course of subsequent events. What use would or could Caher have made of a passenger station? He wished to go home, and there was no train he could wait for. He was in such good health and so well clothed that, as he now not only admits but urges, it was entirely proper that he should set out on the journey afoot. There was no occasion for a station agent to take Caher in charge, or to relieve his physical or mental disabilities. Upon the evidence in the case, it conclusively appears that what did follow would have followed if the lacking station accommodations had been supplied. The plaintiff fails because he does not show any connection between the wrongful act of the defendant and the injury sustained. *Reynolds* v. *Fibre Co.*, 73 N. H. 126, 128.

The question of proximate or remote cause is not involved. The fault complained of was not a cause in any degree, nor in the remotest sense, of Caher's subsequent acts. It was neither the cause nor the occasion for his walking to Stark. It was a wrong independent of what followed, and cannot be held to have any causal connection therewith. *Edgerly* v. *Railroad*, 67 N. H. 312;

*Brember* v. *Jones,* 67 N. H. 374; *McGill* v. *Company,* 70 N. H. 125; *Stearns* v. *Railroad, ante,* 40. As the illegality of the act did not contribute to the injury, it is not to be treated as a cause thereof. *Nutt* v. *Manchester,* 58 N. H. 226; *Wentworth* v. *Jefferson,* 60 N. H. 158; *Bresnehan* v. *Gove,* 71 N. H. 236.

The fact that the conductor is liable to the fine imposed in behalf of the state for this violation of the statute (P. S., *c.* 160, *s.* 9) does not show that the defendant is liable to the plaintiff for damage which followed, but was not caused by, such violation. "It must be shown that such act is a fault which has directly contributed to the loss or damage of which the party complains. It is not a question, as it has been made in some cases, whether the party is a trespasser, or has done some wrongful act, but whether he is guilty of a fault or of negligence in reference to the matter in question, which has directly contributed to the injury." *Norris* v. *Litchfield,* 35 N. H. 271, 278.

*Exception sustained : verdict and judgment for the defendant.*

BINGHAM, J., dissented: the others concurred.