Cheshire, }
April 2, 1912. }

## WHITTEMORE *v.* BOSTON & MAINE RAILROAD.

One who takes passage upon a railroad train, honestly believing that an expired
ticket in his possession entitles him to transportation, and is ejected at an inter-
mediate station after his refusal to pay fare, has a right to further carriage
upon the same train on payment of fare from the point of ejectment; but if
he knew or had reasonable cause to believe that the original ticket was worthless,
he is not entitled to further transportation unless fare be paid for the entire
journey.

CASE, for personal injuries. The question whether upon any
view of the facts hereinafter stated it can be found that the defend-
ants were in fault was transferred from the October term, 1911, of
the superior court by *Plummer*, J.

September 29, 1909, the plaintiff bought a ticket from West Swan-
zey to Brattleboro, Vermont, and return, good only on September
29 and 30, which entitled him to ride on the defendants' trains
between West Swanzey and South Vernon, Mass., and on their
trains or those of the Grand Trunk Railway between South Vernon
and Brattleboro. The plaintiff rode to Brattleboro the day he
purchased the ticket and remained there until the morning of Octo-
ber 1, when he took a train for South Vernon. The first conductor
accepted the plaintiff's ticket for that part of the journey and told
him it was good for the entire return trip; but the conductor of the
train from South Vernon refused to accept it and put the plaintiff off
at Hinsdale after he had refused to pay fare. The plaintiff thereupon
purchased a ticket from Hinsdale to West Swanzey and boarded the
train from which he had been ejected. The conductor asked the
plaintiff to show his ticket and refused to allow him to ride unless
fare was paid from South Vernon to Hinsdale. This the plaintiff
refused to do, claiming that he did not have money enough to
pay the fare demanded, and the conductor again ejected him from
the train. The plaintiff then obtained from the Hinsdale station
agent a refund of the money paid for the ticket to West Swanzey and
walked to the latter place, a distance of about fourteen miles. The
plaintiff claimed that he had business which required his presence
that day in West Swanzey, that he did not have sufficient funds to
hire a team for the journey, and that the walk aggravated a physical
ailment from which he suffered, thus causing the injury for which
he seeks to recover.

*Joseph Madden* (by brief and orally), for the plaintiff.

*Edgar J. Rich* and *Charles H. Blatchford* (both of Massachusetts) and *John E. Allen* (*Mr. Allen* orally), for the defendants.

YOUNG, J.    If the plaintiff thought his ticket entitled him to ride to West Swanzey and refused to pay his fare for that reason, it can be found that the defendants were in fault, not for putting him off the train when he reached Hinsdale, but for refusing to accept him as a passenger from Hinsdale to West Swanzey.    In that case the defendants terminated the plaintiff's journey at Hinsdale, and from that time they owed him the same duties they owed to, and his rights were the same as those of, every other member of the community.    Consequently, although they acted within their rights when they put him off, they could not refuse to permit him to resume his journey on that train merely because he refused to pay what he thought was an unjust demand.

If, however, the plaintiff either knew or ought to have known that his ticket was worthless, or if he refused to pay his fare because he thought he would not be put off until the train reached Hinsdale, he cannot recover; and the amount of money he had with him is relevant to the issue of why he refused to pay his fare.    The plaintiff did not break his journey at Hinsdale if his refusal to pay his fare was any part of a scheme to ride from South Vernon to West Swanzey for less than the regular fare; for section 6, chapter 160, Public Statutes, which provides that a person who refuses to pay his fare shall be put off at a station, was not enacted to enable him to defraud the railroad.    *Caher* v. *Railway*, 75 N. H. 125.    In a word, if the plaintiff refused to pay his fare because he thought his ticket was good, it may be found that the defendants were in fault; but that cannot be found if his refusal was any part of a scheme to obtain transportation for less than the regular rate.

The defendants had not extended the plaintiff's ticket when he attempted to use it, and the interstate commerce act forbade the extension of it at that time.    Consequently they are not bound by the acts of the conductor who attempted to extend it, even if he was their employee.    The question of the measure of damages was not transferred and has not been considered.

*Case discharged.*

All concurred.