Cheshire, }
April 7, 1914. }

### ANSEL J. WHITTEMORE *v.* BOSTON & MAINE RAILROAD.

CASE, for wrongfully ejecting the plaintiff from a train.   This is the same case reported 76 N. H. 388, and *ante,* 61.   Upon this trial, at the October term, 1913, of the superior court, there was a verdict for the plaintiff.   At the beginning of the trial and again after the verdict, the defendants made a motion for judgment, which was denied by *Plummer,* J., subject to exception.   The ground of the motion was that upon the facts reported upon the first transfer and claimed to exist at the present trial, a judgment for the plaintiff would be in violation of the federal interstate commerce law.

*Joseph Madden,* for the plaintiff.

*John E. Allen,* for the defendants.

WALKER, J.   In *Whittemore* v. *Railroad, ante,* 61, 62, the court said in reference to the former decision, that if it "involved the determination of a federal question, the defendants no doubt can preserve their rights and have the question reviewed in the federal court; but questions once decided in this court are not reëxamined

in the same case upon a subsequent transfer. *Kidd* v. *Trust Co.*, 75 N. H. 154, 158." No additional reasons are now presented for a reconsideration of the federal question suggested, or for a modification of the opinion given on the first transfer, as reported in 76 N. H. 388. Nor is there occasion for the court in the exercise of its discretion (*Hedding* v. *Gallagher*, 72 N. H. 377, 379) to again consider the federal question which is again raised by the defendant upon the same state of facts.

*Exception overruled.*

PLUMMER, J., did not sit: the others concurred.