Rockingham, }
June 28, 1919. }

### ORRIN TUCKER v. GERTRUDE F. LOWE.

The correctness of the conclusions of the supreme court is not open for examination when application is made in the superior court for the appropriate orders to carry them into effect.

Where after a verdict for the plaintiff the defendant's exceptions have been transferred and overruled by the supreme court, the plaintiff's motion for judgment cannot be denied by the superior court on the ground that the exceptions presented a question which did not arise at the trial.

A question of law once decided is not reëxamined in the same case by the supreme court except upon motion for a rehearing; after an unexplained delay of eighteen months in filing such motion, justice does not require a further hearing on the ground of mistake in presenting the wrong exceptions where the effect would be to hold the other party for the consequence of his mistake in the course of the trial.

ACTION, for personal injuries under Laws 1911, *c.* 163.

After the overruling of the defendant's exceptions, (see 78 N. H. 610) the plaintiff's motion for judgment was denied by the superior court subject to exception. Upon the hearing of that motion the superior court found that the issue whether the defendant failed to instruct the plaintiff as to shutting off the power (upon which it was held in 78 N. H. 610 that there was evidence authorizing the submission of the case to the jury) was not submitted at the trial, but that the plaintiff rested his case upon the claim of negligence in two particulars only, (1) failure to furnish suitable guards and (2) a defective clutch; that the plaintiff waived the failure to instruct as a ground of liability and that justice did not require a new trial. Transferred by *Kivel*, C. J., from the October term, 1918, of the superior court.

*Sleeper & Brown (Mr. Brown orally), for the plaintiff.*

*Hughes & Doe (Mr. Doe orally), for the defendant.*

PLUMMER, J.   Upon the record as it stands, the exception to the refusal to order judgment on the verdict must be sustained.   The plaintiff had a verdict which the defendant by her motions for a nonsuit and a directed verdict contended the evidence did not authorize. This contention having been transferred to this court by exception to the denial of the motions, the parties were fully heard and the question of law so presented was decided in favor of the plaintiff and the exceptions were overruled, whereby the plaintiff became entitled to judgment on the verdict, no legal objection to the verdict being raised except the claimed absence of evidence to support it.   The plaintiff's motion for judgment in the superior court appears to have been denied upon the ground that the facts found show that the exceptions were or may have been erroneously overruled in the supreme court.   But the legal soundness of the conclusions of this court is not open when application is made in the superior court for the appropriate orders to carry them into effect.   If it were, nothing would ever be settled; questions decided here could be repeatedly returned to this court at the pleasure of the parties.   The question whether there was evidence for the jury has been decided.   A question of law once decided in a cause is not reëxamined in the same case except upon a motion for rehearing.   *Kidd v. Company,* 75 N. H. 154, 158.

If the decision rendered was considered erroneous through mistake of law or misapprehension of fact, the defendant's remedy was a motion for rehearing made within ten days of the decision.   Upon such motion the defendant might have obtained leave to secure an amendment of the case showing that the failure to instruct, of which there was evidence, was not claimed before the jury as a ground of negligence.   This might have been permitted, although it is now conceded no such claim was made at the argument and the defendant discussed without objection the question whether the defendant's failure to properly instruct the plaintiff was evidence of negligence causing the injury.   The plaintiff's mistake was in the submission of the case to the jury; the defendant's, in presenting the case here and in failing seasonably to move for correction of the alleged error in the decision of this court.

It is found that the plaintiff at the trial waived the defendant's

failure to instruct him to shut off the power as a ground of negligence and that justice does not require further trial. This finding cannot in any event become material unless this court to promote justice relieves the defendant from the consequences of her error in presenting her case upon the exceptions and her unexplained delay of eighteen months in filing a motion for rehearing. If this relief could be granted, justice would not require it should be for the purpose of enabling the defendant to hold the plaintiff to the consequences of his mistake before the jury.

Although the question was not properly presented, at the request of the parties argument was heard upon the grounds of negligence upon which the plaintiff proceeded at the trial. The plaintiff was injured while operating a slab re-sawing machine. There was evidence that the saw became clogged and that the plaintiff while endeavoring to remove the slab that had stopped the saw caught his hand between the sprocket and driving chain of the mechanism which fed the material to the saw. This feeding mechanism was connected with the power by a clutch which could be disengaged without stopping the saw. There was evidence from which it could be found that, when the saw stopped, the plaintiff disengaged the clutch and that while he was attempting to remove the obstruction, the clutch in some way became engaged sufficiently to move the driving chain slightly, catching the plaintiff's hand and causing the injury. The defendant's evidence tended to show that the plaintiff did not release the clutch, so that when the saw started the feed chain did also. The evidence that the faces of the clutch were worn appears to be immaterial as there was no evidence such condition would tend to make the clutch engage improperly. But there was evidence that when the lever operating the clutch was in the open position the loose portion of the clutch might slide on the shaft supporting it sufficiently to engage and give to the feed chain such a motion as took place on this occasion. In this respect the machine could be found to have been defective and the defect a cause of the injury.

*Judgment on the verdict.*

All concurred.