Cheshire,     }
June 29, 1921. }

## PETITION OF WILLIAM S. TUTTLE, *Ex'r.*

Under P. S., c. 40, s. 3, a gift to a town for a specific public purpose is valid; and a gift to a town without specifying any particular purpose is intended for any of the uses for which the donee is authorized to hold property.

MOTION. At the May session of the court, Benjamin W. Griffiths, the testator's heir-at-law, filed a motion setting forth that immediately after the filing of the opinion, *ante*, 36, he applied to the superior court for a trial to determine the sum which would be necessary to fully execute the trust created by the will, which trial the superior court, *Marble*, J., refused. *Tucker* v. *Lowe*, 79 N. H. 259. The motion asks that the case be recommitted to the superior court for the trial and determination of this question of fact and that the case be amended by such findings as may be made, and be further considered by this court.

*Branch & Branch (Mr. Frederick W. Branch orally)*, for the motion.

*Philip H. Faulkner, Charles H. Hersey* and *Chester B. Jordan (Mr. Jordan orally)*, opposed.

PARSONS, C. J. The fundamental proposition upon which the motion is based is that, if the fund given to the town is more than is required to keep the burial lot in proper repair, the balance is estate undisposed of by the will which falls to the heir-at-law. This question may be conveniently examined without stopping to consider whether it can be raised by the procedure which has been adopted. It may be conceded that, if the fund is larger than necessary or if in time there is an excess which cannot be used for the specific purpose expressed in the will, a trust in the excess would result for the benefit of the person entitled; and that, if no disposition of such excess is made by the will, the heir-at-law will be entitled thereto. But the will leaves none of the testator's estate undisposed of. All the residue is given to the town upon a condition. This language has been held to create a trust as to so much of the fund as is required to execute it. As to the balance, if there be any, the will gives the same to the town free from this express trust. The heir contended, when the case was before the court, that if the bequest

was held to be a gift to the town, the gift failed because the town had no power to accept it. The case was disposed of upon the ground that the will created a trust which the town was authorized to execute; and, as there was no evidence tending to establish the amount of the trust-fund was excessive, the question the heir now seeks to raise was not discussed. The testator intended the town should have the money and that the heir, Griffiths, should not have it. This purpose must be carried into effect unless illegal or impossible of execution. It is not suggested that the gift of money to a town is an illegal act. It is conceded that a gift to a town for a specified public purpose within town corporate power is legal. The execution of the gift is not impossible if the town has power to hold property for the purpose for which it was given. "Towns may purchase and hold real and personal estate for the public uses of the inhabitants." P. S., c. 40, s. 3. The statute is express authority for the holding of property for the public uses of the town. If a gift to a town for a specific public use is valid, it is not rendered invalid because the town is not required to devote it to a particular use but may apply it to any public use. The gift to the town without specifying any particular purpose must have been intended for any of the uses for which the town was authorized to hold property. There is nothing in the language of the will except the condition as to keeping the burial lot in repair that suggests that the gift was for other than public uses. The questions arising under this stipulation have been disposed of. There is nothing further upon which to found the suggestion that the fund may have been given upon a private trust. Gloucester v. Osborn, 1 H. L. Cas.* 272; s. c. 3 Hare 131, cited by counsel, is not in point.

The statute cannot be construed as authorizing towns to hold only such property as they have acquired by bargain and sale without doing violence to the ordinary use of language. Technically all property is acquired by purchase which is not acquired by descent. "Not only when a man acquires an estate by buying it for a good or valuable consideration, but also when it is given or devised to him he acquires it by purchase." Bouv. Law Dict. (4th ed.) title Purchase; 2 Bl. Com. *241. If the town acquired the property by engaging to perform the condition it would be an acquisition by bargain and sale. It is equally so, if the acquisition is made by consenting to act as trustee of the fund to keep the burial lot in repair. Upon the narrow construction of the statute claimed, the acceptance of the gift is within statutory town corporate power.

The power of towns in this state to take and hold property by direct gift, conveyance or devise is asserted in *Sargent* v. *Cornish*, 54 N. H. 18, 21, and has never since been questioned. "Municipal and public corporations may be the objects of public and private bounty. This is reasonable and just. They are in law clothed with the power of individuality. They are placed by law under various obligations and duties. Legacies of personal property, devises of real property, and gifts of either species of property directly to the corporation and for its own use and benefit, intended to and which have the effect to ease them of their obligations or lighten the burdens of their citizens, are valid in law, in the absence of disabling or restraining statutes." 2 Dill. Mun. Corp., s. 436 (2d ed.).

The money, if any, not required to execute the trust is a valid gift to the town and the heir-at-law has no interest therein.

What has been said will probably be sufficient to end the litigation. To avoid misapprehension the question of procedure is referred to. The case was presented here upon facts sent up from the superior court and decided. The court properly applied *Tucker* v. *Lowe*, 79 N. H. 259, in refusing to go into a trial of fact after the case had been finally decided. The application for a rehearing with leave for an amendment, suggested in that case as an avenue of relief, is not here applicable because it is not claimed there was any error in the transfer of the case. Nothing was done in the superior court which was incorrectly or insufficiently reported. The heir's remedy is not an amendment of the case transferred, but a new trial to enable him to present evidence which he did not bring forward at the first trial. If he makes a case within the statute, the superior court upon trial of the essential issues can grant him a further trial. P. S., c. 230, s. 3; *Ela* v. *Ela*, 72 N. H. 216, 217. But a petition for a new trial will not be granted unless it is established that a different result will probably be reached. *McGinley* v. *Railroad*, 79 N. H. 320. As the order directing the payment of the money will not be affected if the fact of excess is found as claimed, a new trial cannot be granted.

*Motion denied.*

All concurred.